Arthur COUNTS, Jr., Plaintiff–Appellant,

v.

U. S. POSTAL SERVICE, James J. Symbol, J. E. Workman, Jr., Benjamin F. Bailar and J. R. Litaker, Defendants–Appellees.

No. 78–2229.

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1980.

---

John R. Nettles, Albert J. Hadeed, Gainesville, Fla., for plaintiff–appellant.

Nicholas P. Geeker, U. S. Atty., Pensacola, Fla., J. Worth Owen, Asst. U. S. Atty., Tallahassee, Fla., R. Andrew German, Atty., U. S. Postal Service, Washington, D. C., for U. S. Postal Service et al.

Before HENDERSON, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

This appeal arises from a summary judgment for the defendants granted by the Northern District of Florida (Stafford, D. J.) in April 1978. Counts alleges employment discrimination against the handicapped by the United States Postal Service[1] in violation of 29 U.S.C.A. § 791 *et seq.* (West Supp. 1980) (the Rehabilitation Act), 5 U.S.C. § 7153 (1976), and the due process clause of the Fifth Amendment. Since Judge Stafford rendered judgment in this case, two developments of significance to the plaintiff's Rehabilitation Act claims have cast doubt on the correctness of the trial court's disposition of that issue. Therefore, we vacate the summary judgment denying Counts a private right of action under 29 U.S.C.A. § 791(b)[2] and remand for further proceedings consistent with this opinion.

Legislation amending the Rehabilitation Act became law on November 6, 1978. The 1978 Amendments created a new section of the Act, codified at 29 U.S.C.A. § 794a(a)(1) (West Supp.1980),[3] conferring Title VII

---

1. Counts, who suffered from epileptic seizures from 1968–72, was denied employment by the United States Postal Service in 1974 under a personnel regulation barring the employment of persons with a history of epilepsy. Postal Service P–11 Personnel Manual § 332.34 disqualifies persons with a history of epilepsy from postal jobs requiring the operation of vehicles or work around potentially hazardous machinery.

2. Section 791(b) provides, in pertinent part:
 [T]he United States Postal Service ... shall ... submit to the Civil Service Commission and to the Committee an affirmative action program plan for the hiring, placement, and advancement of handicapped individuals in such department, agency, or instrumentality. Such plan shall include a description of the extent to which and methods whereby the

special needs of handicapped employees are being met. Such plan shall be updated annually, and shall be reviewed annually and approved by the Commission, if the Commission determines, after consultation with the Committee, that such plan provides sufficient assurances, procedures and commitments to provide adequate hiring, placement, and advancement opportunities for handicapped individuals.

3. Section 794a(a)(1) provides:
 The remedies, procedures, and rights set forth in § 717 of the Civil Rights Act of 1967 ... shall be available, with respect to any complaint under § 791 of this title, to any ... applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take action on such complaint.

**48**

rights and remedies[4] on litigants alleging employment discrimination based on a handicapping condition in violation of § 791. Senator Cranston, chief Senate sponsor of the 1978 legislation, declared that "application of Title VII would make specific the right to bring a private right of action with respect to Section 501 [29 U.S.C. § 791], subject, of course, to the provision for exhaustion of administrative remedies and other rules and procedures set forth in Title VII." 124 Cong.Rec. S15591 (daily ed. Sept. 20, 1980). In the wake of this amendment, several district courts have determined that private parties may have a cause of action under § 791(b). *See Garrett v. United States*, No. 78–2001, slip op. at 14 (E.D.N.Y. June 23, 1980); *Pastore v. Bolger*, No. 78–070, slip. op. at 5–6 (D.Ariz. Dec. 28, 1979).

 Subsequently, on June 20, 1980, the Equal Employment Opportunities Commission, charged with responsibility for maintaining equal employment opportunity in the federal civil service, amended its regulations to allow processing of handicapped discrimination complaints by federal job applicants whose complaints arose prior to April 10, 1977, providing the complainant had a pending claim[5] on April 10, 1978. 45 Fed.Reg. 41634 (June 20, 1980) (codified at 29 C.F.R. § 1613.709(c)). This amended regulation opens an avenue of administrative relief previously closed to Counts. His complaint arose in 1974, but his diligent pursuit of judicial relief in the instant case satisfies the requirements of a claim pending on April 10, 1978.

Moreover, if Counts pursues the administrative redress made available by the recently amended regulation, he can ensure retroactive applicability of the 1978 Rehabilitation Act amendments in his judicial complaint. Absent a showing of irreparable harm, Title VII plaintiffs are generally required to exhaust available administrative remedies. *Sampson v. Murray*, 415

U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). This policy of judicial deference to administrative processes is appropriate here. Counts should seek a resolution of his complaint under 29 C.F.R. § 1613.709(c) before pursuing a trial on the merits in district court.

Accordingly, the judgment below is VACATED and the cause is REMANDED to the continuing jurisdiction of the district court while plaintiff exhausts his administrative remedies.

---

4. *I. e.*, the remedies for employment discrimination available under §§ 717 and 706(f)-706(k) of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e–16 & 2000e–5(f) through 2000e 5(k) (1976).

5. The amended regulation encompasses claims pending before the Equal Employment Opportunities Commission, the Civil Service Commission, and the federal courts. 45 Fed.Reg. 41634 (June 20, 1980).