Denard E. CLARK, Jr., Plaintiff,

v.

UNITED STATES POSTAL SERVICE,
et al., Defendants.

Civ. A. No. 84–332–MA.

United States District Court,
D. Massachusetts.

Sept. 11, 1984.
Order of Dismissal Sept. 13, 1984.

Frederick T. Golder, Golder & Shubow, Boston, Mass., for plaintiff.

Richard E. Welch, III, Asst. U.S. Atty., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This is an action brought pursuant to Sections 501 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794. The plaintiff is a supervisory employee of the defendant, United States Postal Service and claims the Postal Service unlawfully refused to accommodate the plaintiff's physical handicap and transfer him to a daytime shift.

The undisputed record shows that plaintiff was promoted to Supervisor of Mails and assigned to work a shift from 11:00 P.M. to 7:30 A.M. At the time of his promotion on November 27, 1982, the plaintiff was aware that he could be assigned to any tour of duty. On March 31, 1983, the plaintiff was issued a warning for being inattentive and for failure to follow instructions. On April 27, 1983, the plaintiff submitted a letter from his doctor. The doctor stated the plaintiff was experiencing severe physical and emotional reaction to the stress caused by the change in his employment hours and recommended a return to his daytime hours and his usual job responsibilities. Since May 17, 1983, the plaintiff has failed to report for duty. On May 26, 1983, he was issued a warning for failure to perform his duties satisfactorily on May 16, 1983. On June 13, 1983, the plaintiff submitted another letter from another doctor. That doctor recommended that the plaintiff work during a different shift in the interest of the plaintiff's mental health. On June 21, 1983, the plaintiff was issued a warning for failure to submit medical evidence in a timely manner. On June 27, 1983, the plaintiff's attorney recommended a transfer to a day shift. On August 18, 1983, that request was denied, citing the plaintiff's stated willingness to work any shift when he was promoted. That letter also advised the plaintiff that if he were unable to work the assigned shift, he should request a return to his earlier duties.

This complaint was filed on June 4, 1984. No administrative Equal Employment Opportunity complaint has been filed by the plaintiff. The defendant has moved to dismiss this complaint for failure to exhaust this administrative remedy.

Section 791 of the Rehabilitation Act, 29 U.S.C., and regulations adopted pursuant thereto, prohibit employment discrimination against handicapped individuals by the federal government. 29 C.F.R. § 1613.703 (1982). These regulations direct aggrieved individuals to pursue the administrative remedies available under Title VII, 42 U.S.C. § 2000e–16. Under those regulations, an aggrieved individual is required to file a complaint, or contact an Equal Employment Opportunity Counselor within 30 days of the alleged discriminatory act.

■ It is clear that a postal employee such as the plaintiff is subject to the administrative requirements of 29 C.F.R. § 1613 *et seq. Counts v. U.S. Postal Service,* 631 F.2d 46 (5th Cir.1980). Exhaustion of administrative remedies is a jurisdictional requirement when the action is brought under Section 791 or Section 794. *Treadwell v. Alexander,* 707 F.2d 473, 475 (11th Cir.1983); *Ray v. Freeman,* 626 F.2d 439 (5th Cir.1980), *cert. denied,* 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 198 (1981). Once administrative remedies have been exhausted, the plaintiff is entitled to *de novo* consideration of his discrimination claim in this Court. *Prewitt v. U.S. Postal Service,* 662 F.2d 292, 304 (5th Cir.1981). The policy of judicial deference to administrative processes is appropriate here. The plaintiff should have sought a resolution of his complaint under 29 C.F.R. § 1613.709(c) before bringing this suit. *Counts v. U.S. Postal Service,* 631 F.2d at 48.

■ The plaintiff argues, however, that the Postal Service should extend the time limit under regulations which allow such an extension when the complainant was not notified of the time limits, or was prevent-

ed from submitting a claim by circumstances beyond his control. That provision should not be applied in this case. As early as July, 1983, more than 10 months before this complaint was filed, the plaintiff had sought the assistance of counsel, and counsel had formally notified the Postmaster of the plaintiff's condition. The Postmaster's letter to counsel of August 18, 1983, was a clear response to the plaintiff's request to be assigned to the day shift. Thereafter, the plaintiff had every opportunity to file his administrative claim or to request an extension of the time limits before he filed this suit.

In accordance with the above, this Court lacks jurisdiction over this action and the complaint must be dismissed.

SO ORDERED.