**Walter D. McGUINNESS,**
**Plaintiff-Appellant,**

**v.**

**UNITED STATES POSTAL SERVICE,**
**Felix J. Jackson, and A.A. Winslow,**
**Defendants-Appellees.**

**No. 83–2771.**

United States Court of Appeals,
Seventh Circuit.

Argued April 17, 1984.

Decided Oct. 5, 1984.

Richard A. Eichfeld, Swartwout & Eichfeld, S.C., Sara Lee Johann, New Berlin, Wis., for plaintiff-appellant.

Nancy T. Forden, U.S. Postal Service, Washington, D.C., for defendants-appellees.

Before BAUER and POSNER, Circuit Judges, and PELL, Senior Circuit Judge.

POSNER, Circuit Judge.

McGuinness applied for a job as a postman with the Milwaukee office of the Postal Service. The Service's acting director of employee and labor relations (Jackson) turned him down on the ground that McGuinness's flat feet and hammer toes made him physically unfit for the job, which requires eight hours a day of standing, walking, and lifting. McGuinness appealed to Winslow, the general manager of the Postal Service's employee relations division, and submitted evidence, both lay and medical, that he was fit, but Winslow upheld the decision not to hire him. McGuinness then brought this suit against the Postal Service, Jackson, and Winslow, seeking damages and also appointment to the next vacancy. The district court dismissed the complaint, and McGuinness has appealed. The appeal requires us to consider the remedies of a disappointed applicant for a federal job who believes he was improperly turned down because he is handicapped.

Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, contains various provisions for encouraging the federal government (including the Postal Service) to employ the handicapped, but as originally enacted created no private right of action. Congress repaired this omission in 1978 by adding a new section 505, 29 U.S.C. § 794a, which provides (in subsection (a)(1)) that the "remedies, procedures, and rights" in Title VII of the Civil Rights Act of 1964 "shall be available" to any federal employee or job applicant complaining of discrimi-

nation against the handicapped. In the case of discrimination by a federal agency, including the Postal Service, those remedies include any remedies available within the agency that the complainant must pursue before the alleged discrimination becomes final agency action, see 42 U.S.C. §§ 2000e–16(a), (c); and he not only may but must exhaust those remedies before he can bring suit. *Brown v. General Services Administration*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). Although section 505 would be a mite clearer if the word "available" were instead "applicable," the legislative history leaves no doubt that Congress meant to require exhaustion of administrative remedies just as in ordinary Title VII actions. See S.Rep. No. 890, 95th Cong., 2d Sess. 18–19 (1978); 124 Cong.Rec. 30578 (1978) (remarks of Senator Cranston, a sponsor of the 1978 amendments); *Prewitt v. United States Postal Service*, 662 F.2d 292, 303–04 (5th Cir.1981).

■ McGuinness did appeal the adverse decision on his application, to the general manager of the Postal Service's employee relations division (Winslow); but after that appeal was turned down on December 22, 1981, he did not take the next step open to him, which would have been to consult with the Postal Service's equal employment opportunity counselor, followed (if necessary) by the filing of a formal complaint with the Postal Service. See 29 C.F.R. §§ 1613.211 *et seq.* The significance of this omission is that, subject to a qualification to be noted shortly, the regulations of the U.S. Civil Service Commission allow a person to file such a complaint only if, within 30 days of the alleged discrimination, he brought it to the attention of the agency's equal employment opportunity counselor. See 29 C.F.R. § 1613.214(a)(1)(i). By failing to do this, McGuinness disabled himself from invoking the remedial processes of the agency alleged to have discriminated, as he was required to do in order to exhaust Title VII's administrative remedies.

McGuinness says he did not complain to the Postal Service's equal employment op-

portunity counselor, and hence was unable to exhaust his administrative remedies, because no one told him he had any administrative remedy beyond appealing to Winslow; on the contrary, when Winslow turned down McGuinness's appeal, he did so in a letter telling McGuinness the decision was "final." These points might have persuaded the counselor to accept what would otherwise be an untimely submission, for the regulation that establishes the 30-day limit also provides that the agency shall extend it "(i) when the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency." 29 C.F.R. § 1613.214(a)(4); see *Wolfolk v. Rivera*, 729 F.2d 1114, 1117–19 (7th Cir.1984). But although this language gives the Postal Service a very broad authority to overlook a failure to consult the Service's equal employment opportunity counselor within 30 days after final adverse action (final, that is, within the ordinary channels of personnel administration, before the agency's remedial processes, beginning with consultation with the equal employment opportunity counselor, are invoked), McGuinness, almost three years after Winslow turned down his appeal, still has not gone to the counselor. It may be too late for him to do so. The Postal Service would be unlikely to extend the deadline for more than 30 days beyond the time when McGuinness should have known that he had to consult with the counselor (and follow up with a formal complaint to the Postal Service, if he got no satisfaction from the counselor) in order to exhaust his administrative remedies; and he should have known that at the latest by August 3, 1983—more than a year ago—when the district court issued its opinion, which among other things refused to allow McGuinness to amend his complaint to add a claim under section 505(a)(1), because he had not exhausted his administrative remedies.

But as the tolling provision of 29 C.F.R. § 1613.214(a)(4) is so broadly worded, it is for the Postal Service in the first instance, not us, to decide whether it can be interpreted to fit the facts of this case. See *Ross v. United States Postal Service,* 696 F.2d 720, 722 (9th Cir.1983) (per curiam); *Sampson v. Civiletti,* 632 F.2d 860, 863 (10th Cir.1980). If it were certain that McGuinness could get nowhere with the Postal Service's remedial processes, there would be no point in giving him a chance to go back to them; it would be clear that his suit was untimely, and it would have to be dismissed with prejudice. But as it is not certain that it is too late for McGuinness to obtain administrative consideration of his claim, the suit must be dismissed not as untimely but as premature, without prejudice to his bringing a new suit if and when he exhausts his administrative remedies.

McGuinness cannot avoid dismissal of the suit as premature by arguing that it is really a suit not under section 505(a)(1) of the Rehabilitation Act but under section 504, 29 U.S.C. § 794, which provides that "no otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." Although section 504 has been held applicable to employment discrimination as well as other forms of discrimination against the handicapped by recipients of federal money, see *Consolidated Rail Corp. v. Darrone,* —— U.S. ——, 104 S.Ct. 1248, 1253–55, 79 L.Ed.2d 568 (1984), it is unlikely that Congress, having specifically addressed employment of the handicapped by federal agencies (as distinct from employment by recipients, themselves nonfederal, of federal money) in section 501, would have done so again a few sections later in section 504. Moreover, as McGuinness himself is quick to point out, section 505 does not make Title VII remedies available to people complaining of a violation of section 504; instead, in subsection (a)(2), it makes Title VI remedies available to them. McGuinness made no attempt to exhaust Title VI remedies either. Now it is true that he probably would not have been required to do so even if section 504 were applicable to his claim. Title VI remedies—which involve things like cutting off federal funds to the discriminator—are not designed to help individuals. See, e.g., *Greater Los Angeles Council on Deafness, Inc. v. Community Television of Southern California,* 719 F.2d 1017, 1021 (9th Cir.1983); *Pushkin v. Regents of University of Colorado,* 658 F.2d 1372, 1381–82 (10th Cir.1981). But that is beside the point. The point is that it would make no sense for Congress to provide (and in the very same section—505(a)) different sets of remedies, having different exhaustion requirements, for the same wrong committed by the same employer; and there is no indication that Congress wanted to do this—as of course it could do regardless of what might seem sensible to us—when it added section 505 in 1978.

Although we therefore find great merit in Judge Joiner's view in *Smith v. United States Postal Service,* 570 F.Supp. 1415, 1418–19 and n. 2 (E.D.Mich.1983), that section 504 is inapplicable to federal employment (the Eighth Circuit reached the same conclusion in *Miener v. Missouri,* 673 F.2d 969, 974–75 (8th Cir.1982), but on premises later rejected by the Supreme Court in *Consolidated Rail Corp. v. Darrone, supra*)—notwithstanding the opposite conclusion reached by the Fifth Circuit in *Prewitt v. United States Postal Service, supra,* 662 F.2d at 304, and more recently by the Sixth Circuit in *Smith v. United States Postal Service,* 742 F.2d 257, 260 (6th Cir. 1984) (despite the identity of names, this is not a decision on appeal from Judge Joiner's decision)—it is not critical in this case which view of section 504 we adopt, and it is not even clear that there is a practical difference between the two views. *Prewitt* and *Smith* hold that a section 504 plaintiff complaining of discrimination by a federal employer must exhaust Title VII administrative remedies just like a section

505(a)(1) plaintiff. See 662 F.2d at 304; 742 F.2d at 260–262. This in effect assimilates section 504 to 505(a)(1) as far as federal employers are concerned, making it a matter of merely technical interest whether both statutes, or only the latter, create a remedy for federal employment discrimination against the handicapped.

McGuinness naturally has tried to find a basis for this suit that does not require the exhaustion of administrative remedies, but there is none. See *Shirey v. Devine*, 670 F.2d 1188, 1191 n. 7 (D.C.Cir.1982) (dictum); *Connolly v. United States Postal Service*, 579 F.Supp. 305, 307 (D.Mass.1984); *Smith v. United States Postal Service, supra*, 570 F.Supp. at 1421–22; cf. *Smith v. Robinson*, — U.S. —, 104 S.Ct. 3457, 3474, 82 L.Ed.2d 746 (1984). Two years before the enactment of section 505, the Supreme Court had held that Title VII of the Civil Rights Act of 1964 provided the exclusive judicial remedy for federal discrimination forbidden by that act. *Brown v. General Services Administration, supra*. Although we cannot be certain that Congress was aware of this decision when in section 505(a)(1) it created a judicial remedy identical to Title VII for federal discrimination against the handicapped, we also cannot believe that, given the *Brown* decision, Congress would have wanted us to interpret the Act as allowing the handicapped—alone among federal employees or job applicants complaining of discrimination—to bypass the administrative remedies in Title VII.

■ The exclusivity of section 505 defeats McGuinness's efforts to state a claim under 42 U.S.C. § 1983—which anyway does not apply to action under color of *federal*, other than territorial, law, see *Wheeldin v. Wheeler*, 373 U.S. 647, 650 and n. 2, 83 S.Ct. 1441, 1444 and n. 2, 10 L.Ed.2d 605 (1963)—or 42 U.S.C. § 1985(3) or the due process clause of the Fifth Amendment. Assuming without having to decide that federal employment discrimination against the handicapped can violate the equal protection of the laws (which the due process clause of the Fifth Amendment

was held in *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954), to guarantee); or that the failure to grant an adequate hearing to a federal job applicant to determine whether, though handicapped, he is qualified for the job can be a deprivation of occupational liberty without due process of law (but cf. *Bollow v. Federal Reserve Bank*, 650 F.2d 1093, 1100–01 (9th Cir.1981)); or that employees of a federal agency can conspire with each other and their agency to violate section 1985(3) (but cf. *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir.1972)), still we think that any effort to avoid section 505's requirement of exhausting administrative remedies by challenging the same conduct under another provision of law must fail because it would "allow [Congress's] careful and thorough remedial scheme to be circumvented by artful pleading." *Brown v. General Services Administration, supra*, 425 U.S. at 833, 96 S.Ct. at 1968.

■ It makes no difference that McGuinness sued two officials of the Postal Service as well as the Service itself. The only proper defendant in a Title VII suit is the head of the agency accused of having discriminated against the plaintiff. See 42 U.S.C. § 2000e–16(c); · *Canino v. EEOC*, 707 F.2d 468, 472 (11th Cir.1983); *Hall v. SBA*, 695 F.2d 175, 180 (5th Cir.1983); *Davis v. Califano*, 613 F.2d 957, 958 n. 1 (D.C.Cir.1979). Since section 505(a)(1) borrows the procedures and remedies of Title VII, the exclusive remedy for a claim that a federal agency discriminated against a handicapped employee or job applicant is a suit against the agency's head, and therefore McGuinness could not avoid having to exhaust his administrative remedies by bringing suit, whether under section 505 or any other statute, against individual officials. *Campbell v. U.S. Navy*, 567 F.Supp. 356, 357 (D.Md.1983); see *White v. General Services Administration*, 652 F.2d 913, 916–17 (9th Cir.1981); *Newbold v. United States Postal Service*, 614 F.2d 46, 47 (5th Cir.1980) (per curiam) (alternative holding). (A part of the *Newbold* alternative holding, relating to the liability of a labor union,

was rejected by the Eighth Circuit on seemingly persuasive grounds in *Jennings v. American Postal Workers Union*, 672 F.2d 712, 715 n. 6 (8th Cir.1982), but is not relevant to this case.) The point is practical as well as logical: Title VII's requirement of exhausting administrative remedies would be as effectively circumvented by a suit against subordinate officials, seeking (as here) an order directing them to give the plaintiff a job, as by a suit against their agency or the agency's head. Cf. *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983).

This discussion shows that there is another ground besides failure to exhaust on which McGuinness's suit must be dismissed: his failure to name the head of the Postal Service as the defendant.

Finally, we reject McGuinness's argument that the district judge should have entered a default judgment against the defendants because they did not move for an extension of time for answering his complaint until two days after the deadline had passed. The judge could not enter a judgment for McGuinness when he lacked jurisdiction over McGuinness's complaint, see *Sims v. Heckler*, 725 F.2d 1143, 1145–46 (7th Cir.1984), and in any event a district judge has a broad discretion in choosing a penalty for a procedural default and does not abuse it by refusing to enter a default judgment where (as in this case) the default was inadvertent and caused no inconvenience, delay, expense, or other harm to the plaintiff. See, e.g., *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir.1980) (per curiam).

The judgment of the district court is modified to make clear that the dismissal of the suit is without prejudice to McGuinness's bringing a new one (against the head of the Postal Service—not any of the present defendants) under section 505(a)(1) of the Rehabilitation Act when and if he exhausts his administrative remedies under Title VII, and as so modified is

AFFIRMED.