**Charles M. GATES, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**No. 85–388C(1).**

United States District Court, E.D. Missouri, E.D.

Oct. 3, 1985.

Charles M. Gates, pro se.

Maria T. Robinson, Law Dept. U.S. Postal Service, Chicago, Ill., Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for defendant.

**MEMORANDUM**

NANGLE, Chief Judge.

Plaintiff was employed as a letter carrier for the Chicago office of the United States Post Office. Plaintiff alleges in his complaint that he suffered an injury while on the job in November, 1978. Sometime during 1980, plaintiff was reassigned by defendant from his job as a letter carrier to a position as a distribution clerk. Plaintiff claims that the reassignment was both arbitrary and involuntary. Plaintiff further alleges in his petition that as a result of the prior injury and the more demanding physical requirements of a distribution clerk, plaintiff was forced to apply for disability. Following his denial of disability, plaintiff was ultimately discharged on January 6, 1982 for being absent without leave. Plaintiff filed this action on February 19, 1985 seeking relief under the Rehabilitation Act of 1973. 29 U.S.C. § 701 *et seq.* ; under 39 U.S.C. § 1208(b) for breach of the collective bargaining agreement; and under 42 U.S.C. § 1981 and § 1983 for discrimination on the basis of race and handicap.

This case is now before this Court on defendant's motion to dismiss or in the alternative, motion for summary judgment. An attorney was appointed to represent plaintiff by this Court on June 12, 1985. Plaintiff subsequently filed an amended complaint and responded to defendant's motions. Under Rule 12(b) of the Federal Rules of Civil Procedure, when matters outside the pleadings are considered, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. *Court v. Hall County, Nebraska,* 725 F.2d 1170 (8th Cir.1984). This Court, in ruling on defendant's motion, considered only the pleadings in this action. Accordingly, defendant's motion will be treated solely as a motion to dismiss for failure to state a claim upon which relief can be granted. *Fed.R.Civ.P.* 12(b).

In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state every element necessary for recovery with precision. 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1216 at 120 (1969). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Id.* at 122–23. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–02.

Plaintiff, in Count I of his complaint, seeks relief under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Defendant moves to dismiss Count I on the basis that plaintiff failed to exhaust his administrative remedies. Plaintiff, in his complaint, failed to specify whether he was seeking redress under § 501 or § 505 of the Rehabilitation Act. Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, contains various provisions for encouraging the Post Office to employ the handicapped. In 1978, Congress created a private cause of action for this section by adding § 505, 29 U.S.C. § 794a to the Act. The section provides that the "remedies, procedures and rights" in Title VII of the Civil Rights Act of 1964 shall be available to any federal employee complaining of handicap discrimination. *McGuinness v. United States Postal Service,* 744 F.2d 1318 (7th Cir. 1984). The addition of the new section in 1978 requires a plaintiff to seek and exhaust administrative remedies prior to filing an action in federal court. *Prewitt v. United States Postal Service,* 662 F.2d 292, 303 (5th Cir.1981). In the case at bar, plaintiff's failure to do so is fatal to his cause of action. Plaintiff has failed to pursue any of the administrative requirements of 29 C.F.R. § 1613 *et seq.* Accordingly, Count I of plaintiff's complaint must be dismissed.

In addition, plaintiff cannot avoid the exhaustion requirement of section 501 simply by alleging his cause of action under section 504, 29 U.S.C. § 794. It is clear that section 504 is applicable to employment discrimination. *See Consolidated Rail Corp. v. Darrone,* 465 U.S. 624, 104 S.Ct. 1248, 1253–55, 79 L.Ed.2d 568 (1984). Several circuits, including the Eighth Circuit, in *Miener v. Missouri,* 673 F.2d 969 (8th Cir. 1982) have held that under certain circumstances "§ 504 suits may be maintained in advance of exhaustion of administrative remedies". However, *Miener* is distinguishable from the case at bar for the reason that in *Miener* the plaintiff was not trying to get or retain a job. Plaintiff's complaint in *Miener* alleged discrimination in the provision of educational services in violation of § 504. *See Miener v. Missouri,* 673 F.2d at 975. Under § 504, the 1978 amendment made Title VI remedies available to the plaintiff. Title VI remedies, which include cutting off federal funds to the discriminator are not designed to assist an individual. Accordingly, the Eighth Circuit has not required plaintiffs to exhaust Title VI remedies in situations where the

remedies available will be of little or no avail to the individual plaintiff. *Miener v. State of Missouri,* 673 F.2d at 978. In this action however, under § 501 the plaintiff is provided all the remedies, procedures and rights set forth in section 717 of the Civil Rights Act of 1964. § 505(a), 29 U.S.C. § 794a(a). It is clear to this Court that § 501 affords adequate remedies to redress the alleged discrimination. This Court is in agreement with the Seventh Circuit's well reasoned opinion in *McGuinness v. United States Postal Service, supra.* That action is squarely on point with the case at bar. The Seventh Circuit pointed out that it would not make sense for Congress "to provide (and in the very same section— 505(a)) different sets of remedies, having different sets of exhaustion requirements for the same wrong committed by the same employer." *McGuinness v. United States Postal Service,* 744 F.2d at 1321. Accordingly, Gates is required to exhaust Title VII administrative remedies and his failure to do so requires dismissal of his action under the Rehabilitation Act. *See also, Clark v. United States Postal Service,* 592 F.Supp. 631, 632 (D.Mass.1984).

The Fifth Circuit in *Prewitt v. United States Postal Service, supra,* reached the same result through a slightly different analysis. The Fifth Circuit found it necessary to read the exhaustion of administrative remedies requirement of § 501 into the private remedy section of § 504 to give effect to both 1978 amendments. Therefore, the Fifth Circuit found that a plaintiff, seeking redress under either section would be required to exhaust his administrative remedies. *Accord Boyd v. United States Postal Service,* 752 F.2d 410 (9th Cir.1985); *Smith v. United States Postal Service,* 742 F.2d 257 (6th Cir.1984).

■ In Count II, plaintiff alleges a breach of the collective bargaining agreement by the employer in violation of 39 U.S.C. § 1208. Defendant seeks dismissal of Count II for the reason that plaintiff has again failed to exhaust his administrative remedies and because the suit is untimely. It is well-settled that an employee must first attempt to exhaust the grievance procedures before filing an action against the employer for breach of the collective bargaining agreement. However, the Supreme Court has noted that exceptions to this general rule exist. *See Clayton v. Automobile Workers,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). Whether or not plaintiff's situation falls into an exception, however, is an issue that need not be reached. This Court is in agreement with defendant that this suit is untimely. The Eighth Circuit recently held that the six month statute of limitations, as applied in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), governs actions brought under 39 U.S.C. § 1208. *Abernathy v. United States Postal Service,* 740 F.2d 612 (8th Cir.1984). Plaintiff, in his complaint states that on January 6, 1982 he was removed from his employment with the post office. It is beyond doubt that plaintiff has far exceeded the applicable statute of limitations. Accordingly, Count II must be dismissed.

■ In Counts III and IV of the complaint, plaintiff seeks damages for race discrimination under 42 U.S.C. § 1981 and § 1983 respectively. In *Brown v. General Services Administration,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976), the Court unequivocally held that § 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c), "provides the exclusive remedy for claims of discrimination in federal employment." *See also Newbold v. United States Postal Service,* 614 F.2d 46 (5th Cir.1980). While it is somewhat unclear whether plaintiff is alleging race discrimination or handicapped discrimination his Count VI of his claim, in either event, he is precluded from using § 1983. Plaintiff has not and in fact cannot allege that any action by the Post Office was under color of state law. *See Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir.1980). Accordingly, plaintiff's claims of discrimination fail to state a cause of action under 42 U.S.C. § 1981 and § 1983 and must be dismissed pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure. *See also Giles v. Equal Employment Opportunity Commission*, 520 F.Supp. 1198 (E.D.Mo.1981).