Diane FALLETT, Plaintiff,

v.

UNITED STATES POSTAL SERVICE,
B.L. Dudley, and L.B. Smith,
Defendants.

Civ. A. No. CA3–83–2069–D.

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 25, 1986.

Ellen Smith Pryor and Ralph C. Jones of Carter, Jones, Magee, Rudberg & Mays, Dallas, Tex., for plaintiff.

Marvin Collins, U.S. Atty., Charles Ory, Asst. U.S. Atty., Office of the U.S. Atty., Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

Plaintiff has filed suit against the United States Postal Service ("USPS"), the Post-master of Dallas, Texas, and the Sectional Center Manager for mail processing of the Dallas Post Office, claiming she has been discriminated against by reason of physical handicap in violation of her rights under the Fourteenth Amendment, under 42 U.S.C. § 1983, and under the Rehabilitation Act of 1973, § 501, 29 U.S.C. §§ 791 *et seq.* (1985). The court must decide whether plaintiff has stated a claim upon which relief can be granted and, if not, whether plaintiff can now amend her complaint to add the defendant she should have sued and have the amendment "relate back" to a date when her claim was not time-barred. The court concludes that plaintiff does not state a claim for which relief can be granted under the Fourteenth Amendment, 42 U.S.C. § 1983, or the Rehabilitation Act of 1973, and that plaintiff cannot amend her complaint to add the new party-defendant and have the amendment "relate back" in order to prevent her Rehabilitation Act claim from being time-barred. As to the claims under the Fourteenth Amendment and 42 U.S.C. § 1983, the court grants defendants' motion to dismiss. As to the claim under the Rehabilitation Act, the court grants summary judgment in favor of defendants.[1]

### I.

### BACKGROUND FACTS

Plaintiff is an employee of USPS and a "handicapped individual" within the meaning of 29 U.S.C. § 794.[2] She was employed in January 1969 in the clerk craft and in

1. By order of July 16, 1986, the parties were notified that the court was also going to treat the motion to dismiss as a motion for summary judgment and were invited to present additional material and arguments going to the issue of summary judgment within 10 days of the order. The only response was filed by the defendants on August 7, 1986.

2. Where related to the court's decision to grant the motion to dismiss, the facts of the case and the inferences therefrom are taken from plaintiff's amended complaint and are viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686,

40 L.Ed.2d 90 (1974). *See Watts v. Graves,* 720 F.2d 1416, 1419 (5th Cir.1983) (the allegations of the complaint must be accepted as true along with any inferences that may be drawn therefrom). The court is mindful of the Supreme Court's instruction that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Elliott v. Perez,* 751 F.2d 1472, 1479 n. 17 (5th Cir.1985).

Where related to the court's decision to grant summary judgment, the court has evaluated the

August 1969 sustained an on-the-job injury to her back that resulted in back surgery in or about September 1970. For several years plaintiff attempted to continue full employment. She accepted a "light-duty" position in 1974, that is, a job with less demanding physical requirements than her former job as clerk. In 1975 no light duty work was available. Plaintiff left active employment with USPS and began receiving worker's compensation. In 1980 plaintiff was notified that she was eligible to be reemployed by USPS through the Joint Rehabilitation Program of the U.S. Postal Service and the Office of Worker's Compensation. The program is designed to reemploy USPS employees who are receiving worker's compensation and who are deemed to be reemployable in jobs with modified physical requirements.

Plaintiff was notified that she could choose to be reemployed as a "modified regular distribution clerk, level 5," and that the job duties of this position would fit her then-current physical limitations, or she could apply for disability retirement from USPS. In May 1980, plaintiff accepted reemployment.

As a modified regular distribution clerk, plaintiff was on "unassigned regular" status pursuant to which USPS management could assign her to any location at any time. Initially, she was assigned to work in the rehabilitation section of the main Dallas post office. Her hours were 6:00 p.m. to 2:30 a.m., Monday through Friday. Later in 1980 she was assigned different duties in the post office's registry section. She worked in the registry section until November 1983, when she was reassigned to the rehabilitation section.

The events leading to the present civil action commenced in December 1982, when USPS posted Bid No. 83–344 for a job opening in the registry section. A bid is the means prescribed by USPS's agreement with the applicable union and USPS regulations by which preferred jobs are made available to applicants within USPS. The

agreement and regulations require that a bid job be awarded to the qualified applicant with the highest seniority.

Plaintiff submitted a bid for the position. Although she had more seniority than any other bid applicant, she was denied the bid in January 1983 on the grounds that she was unable to meet the physical qualification standards for the job, that is, that she be capable of lifting 70 pounds. The standard was a qualification standard that applied to all clerk positions in USPS. Therefore, an employee who bid on any regular clerk position must have been capable of complying with the standard.

Plaintiff was denied the position and filed a formal equal employment opportunity complaint with USPS on January 29, 1983. She was advised that the complaint was accepted on May 19, 1983. She stated in her complaint that the denial of her bid application constituted discrimination on the basis of physical handicap. Plaintiff requested as relief that she receive the employment bid and be awarded out-of-schedule pay for the hours she worked outside the schedule she would have worked had she been given the bid.

USPS investigated plaintiff's complaint and on August 25, 1983 issued a report. By letter, dated September 20, 1983, the district manager of the USPS North Texas District notified plaintiff that he proposed recommending that plaintiff's complaint be closed with no finding of discrimination. By letter, dated November 9, 1983, plaintiff was notified that the USPS equal employment opportunity officer had adopted the recommendation for a finding of no discrimination. Plaintiff was advised by letter of various options of appeal, which letter included a statement that plaintiff could file a civil action in U.S. District Court within 30 days of her receipt of the letter. Plaintiff filed this action on November 23, 1983. The defendants, however, were not served until April 3, 1984.

---

entire record and indulged every reasonable inference in favor of plaintiff. *Powers v. Nassau*

*Development Corp.,* 753 F.2d 457, 462 (5th Cir. 1985).

Defendants first move to dismiss plaintiff's Rehabilitation Act claims on the ground that she has failed to sue the proper defendant within the statutorily prescribed time period and, second, to dismiss the cause in its entirety because plaintiff has failed to state an appropriate jurisdictional basis for the complaint. In her reply to the motion, plaintiff does not respond to the second contention. With respect to the contention that she has sued the wrong party, plaintiff moves for leave to amend her complaint to add the correct defendant and to have it relate back to the date her original complaint was filed. The gravamen of her reply sets forth reasons why she should be permitted to add the correct defendant in her amended complaint and why the amended complaint should relate back to the date her original complaint was filed.

## II.

### REHABILITATION ACT CLAIM

The court now turns to the contention that plaintiff has sued the wrong defendant and that her proposed amended complaint cannot relate back to the date her original complaint was filed. Because plaintiff appears to concede in her response to the motion that she has sued the wrong party, the question for decision is whether her amended complaint, if she is given leave to file it, can relate back. This question has recently been decided by the Supreme Court in *Schiavone v. Fortune*, ——— U.S. ———, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). In *Schiavone*, the Court held that the notice requirements of Rule 15(c) [3] are satisfied only when the necessary knowledge comes within the period provided by law for commencing the action. ——— U.S. at ———, 106 S.Ct. at 2385. The Court rejected the argument that the time for receiving notice includes the time for reasonable service under Rule 4, thereby overruling *Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir.1980). The Court concluded:

> We do not have before us a choice between a "liberal" approach toward Rule 15(c), on the one hand, and a "technical" interpretation of the Rule, on the other hand. The choice, instead, is between recognizing or ignoring what the Rule provides in plain language. We accept the Rule as meaning what it says.

*Id.* Rule 15(c) must thus be applied literally. If the defendant sought to be added by amendment does not have notice of the suit before the limitations period runs, there can be no amendment under Rule 15(c).

█ In the instant case, it is undisputed that the defendants were not served until 131 days after the complaint was filed, well after the 30-day period for filing suit specified in 42 U.S.C. § 2000e–16(c). There is also no evidence before the court that the Postmaster General [4] knew, or should have known, about the suit any sooner than the date the USPS and individual defendants were served.

Because there was no service until after the 30-day limitations period had expired, under the literal terms of Rule 15(c) the plaintiff cannot be allowed to amend her complaint for the purpose of "relating back." Plaintiff's motion for an amendment and relation back under Rule 15(c) is

---

**3.** Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) *has received such notice of the institution of the action* that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. (Emphasis added).

**4.** Rule 15(c) provides: "The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant."

denied and plaintiff's Rehabilitation Act claim is dismissed.

### III.

JURISDICTIONAL BASIS FOR COMPLAINT: FOURTEENTH AMENDMENT AND SECTION 1983 CLAIMS

■ There is no question that this court has subject matter jurisdiction over plaintiff's claim under the Rehabilitation Act. Because that claim has been dismissed, however, the question is whether a claim is stated under the Fourteenth Amendment and 42 U.S.C. § 1983 so that the court has jurisdiction under 28 U.S.C. §§ 1331 or 1343. The court notes initially that § 1983 creates a remedy to redress deprivation, *under color of state law*, of any right, privilege, or immunity secured by the Constitution of the United States. The statute, by its terms, is directed only to state wrongdoing. *Edgar v. Inland Steel Company*, 744 F.2d 1276, 1278 (5th Cir.1984). Likewise, the Fourteenth Amendment's restrictions on the powers of the states do not apply to the federal government or to individuals acting under color of federal law. *Rutherford v. United States*, 702 F.2d 580, 582 n. 4 (5th Cir.1983). At best, the defendants in the present case acted under color of federal law when they refused to accept plaintiff's bid for the job in question, *see McGuinness v. United States Postal Service*, 744 F.2d 1318, 1322 (7th Cir.1984); consequently, there is no claim upon which relief may be granted under § 1983 or the Fourteenth Amendment.

■ Alternatively, the court holds that plaintiff's statutory rights, as against the federal government or one of its officials, are exclusively embodied in the Rehabilitation Act and no claim can be asserted under § 1983. In so holding, this court relies on the reasoning of the Seventh Circuit on an analogous issue—the issue of exhaustion

of administrative remedies. In an opinion by Judge Posner, the Seventh Circuit in *McGuinness* first held that § 505 of the Rehabilitation Act, 29 U.S.C. § 794a,[5] was intended by Congress "to require exhaustion of administrative remedies just as in ordinary Title VII actions." *Id.* at 1320. *See Prewett v. United States Postal Service*, 662 F.2d 292, 304 (5th Cir.1981) ("we must read the exhaustion of administrative remedies requirement of section 501 into the private remedy recognized by both section 501 and section 504 for federal government handicap discrimination"). Despite the *McGuinness* plaintiff's attempt to find another basis for suit that did not require exhaustion of administrative remedies, the Seventh Circuit held that there is *no* such basis for suit, *McGuinness*, 744 F.2d at 1322. Noting that the Supreme Court, in *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), had held that Title VII of the Civil Rights Act of 1964 is the exclusive judicial remedy for federal discrimination, the Seventh Circuit refused "to interpret the [Rehabilitation] Act as allowing the handicapped—alone among federal employees or job applicants complaining of discrimination—to bypass the administrative remedies in Title VII." *McGuinness*, 744 F.2d at 1322. From this holding the court reasoned that

> any effort to avoid section 505's requirement of exhausting administrative remedies by challenging *the same conduct under another* provision of law must fail because it would "allow [Congress's] careful and thorough remedial scheme to be circumvented by artful pleading," citing *Brown v. General Services Administration*. (Emphasis added).

*Id.*

The same rationale applies in this case. Since it is well-established that a federal employee asserting any claim of discrimination, other than discrimination because of

5. Section 794a provides: The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–16), including the application of sections 706(f) through 706(k), (42 U.S.C. § 2000e–5 through (k)), shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint.

**630**

handicap, would not be able to pursue a suit under § 1983, there is no reason to apply a different rule to a claim of discrimination against the handicapped. Nothing in the language of the Rehabilitation Act justifies a special status for the handicapped federal employee, as opposed to the status given any other federal employee allegedly discriminated against because of race, color, religion, sex, or national origin. Any other construction of § 505 of the Rehabilitation Act would run counter to Congress' intent to create a preemptive and exclusive administrative and judicial scheme for the redress of federal employment discrimination. *See Brown*, 425 U.S. at 829, 96 S.Ct. at 1966.[6]

The court concludes that it has no jurisdiction over a claim of discrimination, based on a handicap, against a federal agency or official predicated upon § 1983 or the Fourteenth Amendment. On this basis, any claim in plaintiff's first amended complaint asserted under 42 U.S.C. § 1983 or the Fourteenth Amendment is dismissed for want of jurisdiction.

This civil action is, accordingly, DISMISSED.

SO ORDERED.

---

6. Plaintiff apparently concedes that a claim of discrimination by a federal employee must be made under the Title VII and not § 1983 since plaintiff does not address this issue in her response to the motion to dismiss which raised this issue as its first point.