921 F.2d 276
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Amy M. BARKER, Plaintiff-Appellant,
v.
Lee V. DORNFELD, Defendant-Appellee.
 No. 90-5376.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1990.
 
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals the district court's grant of summary judgment in favor of defendant in her action to recover damages for personal injury to her little finger while a guest passenger on the boat owned by defendant. Plaintiff sustained her injury when, as she attempted to lower herself into the water without using the boat ladder, she caught her finger on the empty U-shaped metal cleat designed to hold the ladder in place. She claims that defendant Dornfeld was negligent in failing to warn her to put the boat ladder in place in order to enter into the water, and in entrusting the boat to Tom Spann, the operator at the time of her injury. Plaintiff also claims that the trial court erred in denying her application for default judgment based on defendant's failure to file a timely answer to her second amended complaint. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 In March 1987, defendant Dornfeld bought a new 28-foot pontoon boat with an optional boarding/exiting ladder. He and his family used the boat, including the ladder, a number of times without incident prior to the July 1987 accident involving plaintiff. Mr. Dornfeld testified that he was aware that use of the boat ladder was important in entering the water because it could be dangerous to jump off the deck. However, no evidence was presented that Mr. Dornfeld had any knowledge of potential danger in connection with the U-shaped metal cleat designed to hold the ladder in place.
 
 
 3
 It is undisputed that on at least one occasion prior to the date of plaintiff's injury, Mr. Dornfeld lent his boat for the weekend to his housekeeper, Robin Spann, and her husband Tom. It is equally undisputed that on that occasion, Mr. Dornfeld gave Mr. Spann specific instructions over the course of a half-hour concerning the operation of the vessel, but that no reference was made of the boat ladder. Mr. Spann and his wife testified that, after Mr. Dornfeld finished giving them instructions, they took the boat out onto the river between two to four times over the course of the weekend and used the ladder for entering into the water. Thus, at the time of plaintiff's injury, Robin and Tom Spann not only knew where the ladder was stored and its intended purpose, but had previously used the ladder for entering and exiting the water.
 
 
 4
 On July 11, 1987, Mr. Dornfeld once again lent his boat to Robin and Tom Spann. The Spanns invited plaintiff and her husband and children to join them and their children in boating on Kentucky's Barren River. When the boating party stopped to swim in the afternoon, nobody put the ladder into position. Instead, Robin Spann, Mr. Barker and the children jumped into the water from the deck, leaving only Mr. Spann and plaintiff aboard the boat. Because plaintiff was reluctant to submerge her head by jumping into the water, she attempted to enter the water by sliding backwards and lowering herself over the edge of the deck. As she slid backwards, her left hand caught the empty metal cleat which severely cut her little finger. It is undisputed that plaintiff never asked to use the boarding ladder to lower herself into the water despite her admission that she knew there was a ladder on the boat because she had seen it as she boarded on the morning of the accident.
 
 
 5
 Plaintiff filed suit in district court on March 7, 1988 in admiralty. On February 15, 1989, the district court granted leave for plaintiff to file her second amended complaint but on the same day also granted Mr. Dornfeld's motion for summary judgment. On April 17, 1989, the district court overruled its previous grant of summary judgment, thereby reviving plaintiff's second amended complaint. On August 28, 1989, three days before the date originally set for trial, plaintiff applied for entry of default judgment claiming she was prejudiced as a result of defendant's failure to file a responsive pleading to her second amended complaint. On that same date, Mr. Dornfeld filed a motion for leave to file an answer. The district court reset the trial for September 1989 and deferred ruling on the parties' motions. On September 25, 1989, the district court denied plaintiff's application for default judgment and granted leave for Mr. Dornfeld to file an answer to plaintiff's second amended complaint. On November 5, 1989, the district court reset the trial for May 1990. Mr. Dornfeld filed his answer on September 28, 1989. Prior to the May trial date, Mr. Dornfeld renewed his motion for summary judgment. On February 14, 1990, the district court reinstated its earlier summary judgment and dismissed the case.
 
 II.
 A.
 
 6
 Because plaintiff's accident occurred in navigable waters, it is governed by federal maritime law rather than state law. Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 628, 79 S.Ct. 406, 408, 3 L.Ed.2d 550 (1959). The Supreme Court held in Kermarec that the duty owed by the owner of a ship in navigable waters to a crew member's guest is "the duty of reasonable care under the circumstances of each case." Id. at 632, 79 S.Ct. at 410.[1] Applying the Kermarec test to this case, we find that a reasonable person would not have foreseen that the boating party would have failed to place the ladder into its proper position prior to their entering the water. There is no dispute in this case that the existence of the boat ladder and its intended use was obvious to all potential passengers of the boat, including plaintiff. It was therefore reasonable for Mr. Dornfeld to have expected persons using his boat to utilize the ladder to enter the water without receiving a specific warning to that effect. Moreover, although Mr. Dornfeld could reasonably have foreseen that failing to use the ladder could cause injury as a result of a person jumping off the deck, there is no evidence that he could reasonably have foreseen that the empty ladder cleat could cause injury as a result of a person lowering herself off the deck. Accordingly, we uphold the district court's grant of summary judgment on plaintiff's failure to warn claim.
 
 B.
 
 7
 We also uphold the district court's grant of summary judgment on plaintiff's negligent entrustment claim because plaintiff did not introduce evidence that Mr. Spann's alleged negligence was reasonably foreseeable by Mr. Dornfeld at the time he lent his boat. In Gele v. Chevron Oil Co., 574 F.2d 243, 248 (5th Cir.1978), the Fifth Circuit applied the Kermarec test and held that a boat owner was not liable for negligent entrustment as a result of injuries sustained by a passenger following a collision because the boat owner did not "place the vessel at the disposal of inexperienced boat operators." In this case, there is no evidence to suggest that Mr. Spann's alleged negligence in failing to erect the ladder was reasonably foreseeable by Mr. Dornfeld. Not only had Mr. Dornfeld given instructions to Mr. Spann concerning the safe operation of the boat, but Mr. Spann and his wife had actually used the ladder during a previous weekend boating expedition and were therefore well aware of its intended use at the time of plaintiff's injury.
 
 C.
 
 8
 Lastly, we hold that the district court did not abuse its discretion in denying plaintiff's application for default judgment arising out of Mr. Dornfeld's failure to file a timely answer to her second amended complaint. The preferred disposition of cases is not by default judgment and trials on the merits are favored in federal courts. See Shepard Claim Serv. v. William Darrah & Assocs., 796 F.2d 190, 193 (6th Cir.1986); United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 846 (6th Cir.1983). In this case, the district court acted well within its discretion in concluding that plaintiff's claim of prejudice in connection with Mr. Dornfeld's failure to file a timely answer to her second amended complaint was spurious. Although plaintiff claims she was unaware of the basis upon which Mr. Dornfeld would deny the additional allegations in her amended complaint at trial, it is clear from the record that Mr. Dornfeld's memoranda filed in opposition to plaintiff's motion to amend her complaint fully described the grounds upon which he denied the additional allegations.
 
 
 9
 Moreover, although plaintiff's motion to file her second amended complaint was granted on February 15, 1989, she did not move for entry of default judgment until more than six months later and on the eve of trial. Given these facts, the trial court was justified in concluding that Mr. Dornfeld's failure to file a timely amended answer was a good faith mistake created by the entry of the original summary judgment, and one which caused no real harm to plaintiff. "[A] district judge has a broad discretion in choosing a penalty for a procedural default and does not abuse it by refusing to enter a default judgment where ... the default was inadvertent and caused no inconvenience, delay, expense, or other harm to the plaintiff." McGuinness v. United States Postal Serv., 744 F.2d 1318, 1323 (7th Cir.1984).
 
 
 10
 The district court's grant of summary judgment in favor of defendant Dornfeld is AFFIRMED.
 
 
 
 [1]
 In Beard v. Norweigian Carribean Lines, No. 89-1212, slip op. at 6 (6th Cir. April 2, 1990), we extended the Kermarec "reasonable care" rule to cases involving fare-paying passengers as well as guests. Because plaintiff in this case was merely a guest, there can be no question that Mr. Dornfeld was subject only to the duty of reasonable care under the circumstances