12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David L. WHITEHEAD, Plaintiff-Appellant,
v.
BRADLEY UNIVERSITY, et al., Defendants-Appellees.
 No. 92-3661.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 30, 1993.
Rehearing Denied Dec. 21, 1993.
 
 Before CUMMINGS, CUDAHY, and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 David L. Whitehead, a former employee of the Central Intelligence Agency ("CIA"), filed three suits alleging that Bradley University and others had violated his civil rights, discriminated against him on the basis of his race and handicap, and had committed torts against him. All three suits were originally filed in the District of Columbia, and all three were based on facts that largely overlap. Two of the suits named as defendants Bradley University and several of its employees and students; these were transferred to the Central District of Illinois pursuant to 28 U.S.C. Sec. 1404(a) and consolidated. A subsequent amendment of the complaint in that action added the Director of the CIA and other CIA employees as defendants. The third suit also began with multiple defendants, but was later amended to include as sole defendant the Director of the CIA. It was transferred to the Northern District of Illinois, where Judge Williams granted Whitehead's request for assistance of counsel in preparing his case. Judge Mihm denied Whitehead's motion to transfer the two cases that included the Bradley University defendants and consolidate them with the third case that was pending in the Northern District of Illinois.[1] The two consolidated cases were ultimately dismissed with prejudice as to the federal claims, and without prejudice as to the state law claims. Fed.R.Civ.P. 12(b)(6). Whitehead appeals that decision, as well as the court's denial of his motion to transfer and consolidate these cases with the third.
 
 
 2
 Under 28 U.S.C. Sec. 1404(a),[2] a district court "has broad discretion to grant or deny a motion to transfer [a] case." Cote v. Wadel, 796 F.2d 981, 985 (7th Cir.1986). Our review of the district court's refusal to transfer is limited to whether the court clearly abused its discretion. See id. (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981)). In this case, Whitehead named as defendants Bradley University and nine other parties associated with it, including several employees and former students. Because Bradley University is located in the Central District of Illinois, the district court committed no clear abuse of discretion in refusing to transfer the case to another forum.
 
 
 3
 The district court was correct in holding that Title VII provides the exclusive remedy for racial discrimination in employment by the federal government, Brown v. General Services Admin., 425 U.S. 820, 835 (1976), and that Title VII requires that in a "civil action the head of the department, agency, or unit, ... shall be the defendant." 42 U.S.C. Sec. 2000e-16(c). Under Title VII, employees of the federal government must begin litigation in federal district court against their agency head within thirty days of receiving an Equal Employment Opportunity Commission "right-to-sue" letter. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92 (1990) (citing Sec. 2000e-16(c)).
 
 
 4
 The record before us reveals that Whitehead received the EEOC right-to-sue letter soon after its August 8, 1991 date, and that he first brought the Director of the CIA into the action in mid-February, 1992. By that time, the thirty-day limit contained in Sec. 2000e-16(c) had expired.[3] As there is nothing in the record suggesting that the Director received actual notice of the suit within the thirty-day limit, Whitehead's claim against the Director was time-barred.[4] See id. Furthermore, because the Rehabilitation Act of 1973 incorporates the procedures of Title VII, Whitehead's handicap discrimination claim against the Director is foreclosed for the same reason. See McGuinness v. United States Postal Serv., 744 F.2d 1318, 1319-21 (7th Cir.1984); 29 U.S.C. Sec. 794a(a)(1).
 
 
 5
 The remaining issues were thoroughly discussed by the district court, and its decision is affirmed for the reasons stated in Whitehead v. Bradley Univ., Nos. 91-1034 & 91-1214 (C.D.Ill. Oct. 20, 1992) (unpublished).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The third case was subsequently transferred to the Eastern District of Virginia. Whitehead's appeal of the district court's decision to transfer the case was dismissed for want of jurisdiction. Whitehead v. Gates, No. 93-2686 (7th Cir. July 29, 1993) (unpublished order)
 
 
 [2]
 Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."
 
 
 [3]
 The 1991 amendment of Sec. 2000e-16(c), effective Nov. 21, 1991, increased the time limit for filing a civil action from thirty days to ninety days. See Civil Rights Act of 1991, Pub.L. No. 102-166, Secs. 114(1), 402, 105 Stat. 1071, 1079, 1099 (1991)
 
 
 [4]
 Nor does the record establish actual notice to the Director within the new ninety-day time limit--which is, moreover, presumed to apply prospectively. See Diaz v. Shallbetter, 984 F.2d 850, 852 (7th Cir.1993)