888 F.2d 1202
 James E. THOMASON, Plaintiff-Appellant,
v.
Robert W. NACHTRIEB, Elizabeth T. Nachtrieb, John D.
Nachtrieb, Gregory A. Michel, Fotel, Inc., an
Illinois corporation, and Fotel, Inc.
Employee Pension Plan & Trust,
Defendants-Appellees.
 No. 89-1396.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 27, 1989.
Decided Nov. 6, 1989.
 
 August A. Grundei, Chicago, Ill., for plaintiff-appellant.
 Edwin H. Conger, Edward Eshoo, Jr., Alexander Lowinger, Tenney & Bentley, Chicago, Ill., for defendants-appellees.
 Before CUMMINGS, CUDAHY, and FLAUM, Circuit Judges.
 FLAUM, Circuit Judge.
 
 
 1
 James Thomason brings this appeal seeking relief from the district court's grant of the defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c). In the district court, Thomason complained of the payment of $23,053 to Elizabeth Nachtrieb in satisfaction of her accrued pension benefits. Thomason alleged that the payment was made in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1106 Prohibited Transactions, Sec. 1109 Liability for Breach of Fiduciary Duty, Sec. 1104 Fiduciary Duties, or Sec. 1105 Liability for Breach by a Co-Fiduciary. Thomason now requests that this court reverse the judgment of the district court. For the reasons set out below, we affirm the district court's judgment.
 
 I.
 
 2
 James Thomason was an officer and director, and Robert Nachtrieb was the Chairman of the Board of Fotel, Inc., an Illinois corporation. Both were trustees and participants of the Fotel, Inc. Pension Fund ("the Fund"), a defined contribution pension plan. Elizabeth Nachtrieb is the wife of Robert Nachtrieb and a participant in the Fund. John Nachtrieb is the son of Robert and Elizabeth Nachtrieb and a director and officer of Fotel, Inc. and also a participant in the Fund.
 
 
 3
 In June, 1988, Robert Nachtrieb and James Thomason withdrew $30,023.54 from a company account. Shortly thereafter, a cashiers check in the amount of $23,053 was given to Elizabeth Nachtrieb by Robert Nachtrieb as full payment of the pension benefits owed her by the company. When this money was paid to Elizabeth Nachtrieb, there allegedly was no money in her pension account and the company borrowed from other accounts to make the payment to her.
 
 
 4
 Thomason filed a six-count complaint against Robert, Elizabeth, and John Nachtrieb seeking relief from this transaction. Count I alleged that the payment to Elizabeth Nachtrieb from the company's pension fund "raises the potential of a conflict of interest and should be approved by the I.R.S." as required under ERISA. Complaint p 50. Count II alleged that the defendants conspired to violate ERISA. Counts III-VI involved state claims that Thomason sought to be heard under pendent jurisdiction. Count III is a claim of breach of contract for a breach of a stock transfer in violation of stock agreements entered in 1968, 1977, 1980 and 1985. Count IV alleges a conspiracy with respect to the Count III contracts. Count V alleges misrepresentation by Robert Nachtrieb to Thomason that he would be made president of Fotel, Inc. Count VI alleges conspiracy to defraud the 1968, 1977, 1980 and 1985 agreements.
 
 
 5
 On December 14, 1988, the district court granted the defendants' motion for judgment on the pleadings pursuant to FRCP 12(c). The district court dismissed the case without prejudice with leave to file an amended complaint within 21 days from the date of its order. On December 16, the plaintiff filed a motion for rehearing and "requested 25 extra days to comply with the court order." The district court granted the plaintiff's motion for an extension of time, but denied the plaintiff's motion for a rehearing. On January 10, 1989, instead of complying with the time extension granted by the district court, the plaintiff filed an appeal from the December 14th order. On February 16, 1989, the Clerk of the District Court entered judgment under FRCP 58 in compliance with the district court's December 14th order. This Court dismissed the January 10 appeal for lack of jurisdiction on February 17, 1989, since there was no final judgment from which to appeal. On February 27, 1989, plaintiff filed this appeal from the February 16 final judgment.
 
 
 6
 The district court's December 14th order dismissed Count I because it found "plaintiff has failed to articulate any legal basis for relief." Thomason v. Nachtrieb et al., No. 88-C-6775 (N.D.Ill. Dec. 14, 1988). The district court also dismissed Count II on the grounds that it was premised on Count I and failed for the same reasons as Count I, or if premised on separate facts, Count II did not sufficiently allege those facts. Counts III-VI were dismissed because they do not derive from a common nucleus of operative fact with Counts I and II as required for pendent jurisdiction under United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and in any event are dismissed since Counts I & II fail to state a claim. However, the district court advised the plaintiff that he "may be able to cure the defects ... [and] amend [his] complaint within 21 days." Thomason v. Nachtrieb et al., No. 88-C-6775 (N.D.Ill. Dec. 14, 1988). For unknown reasons plaintiff failed to amend the complaint but instead filed a premature appeal. Because of this unwarranted action, it is unfortunate that we must affirm the district court and dismiss this appeal for failure to file an amended complaint in the face of what otherwise might be a valid cause of action under ERISA.
 
 II.
 
 7
 Under FRCP 12(c) defendants essentially raised a proper FRCP 12(b)(6) motion by challenging the sufficiency of the complaint as allowed under Rule 12(h)(2). Republic Steel Corp. v. Pennsylvania Engineering Corp., 785 F.2d 174, 182 (7th Cir.1986); Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir.1979); See 5 Wright & Miller, Federal Practice & Procedure: Civil Sec. 1367 (Rule 12(c) may be used to raise several of the 12(b) defenses). Therefore, the courts have held that a motion for judgment on the pleadings is subject to the same standard as a motion for dismissal for failure to state a claim. Accordingly, the motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Susman v. Lincoln American Corporation, 517 F.Supp. 931 (N.D.Ill.1981). In considering this motion the court must view the facts in the complaint in the light most favorable to the nonmovant. National Fidelity Life Ins. Co. v. Karaganis, 811 F.2d 357 (7th Cir.1987). In this appeal, the application of these standards leads us to conclude that even assuming the truthfulness of the factual allegations of the complaint for the purposes of the motion below, as we must, there is no set of facts that could support plaintiff's complaint.
 
 
 8
 Plaintiff frames the question presented to the court on appeal as "whether or not Count I states a cause of action under ERISA where [the] trustee paid money to his wife from a trust fund with funds, which were not there, under a defined contribution plan, and this action is brought by [a] co-trustee and beneficiary." Appellant's Brief p. 14. This may very well be a valid cause of action, but the allegations in the complaint did not adequately raise this claim before the district court and the plaintiff cannot raise it on appeal. Nowhere did the complaint state anything about a payment of funds which were not in the Fund. The clearest reference to any such claim is in paragraphs 49-51 of Count I of the complaint. In these paragraphs Thomason alleged that Robert Nachtrieb "directed a check be issued to his wife." Complaint p 49. He further alleged that "this transfer raises the potential of a conflict of interest and should be approved by the I.R.S." and that Thomason "has not received sufficient documentation to intelligently evaluate this procedure." Complaint paragraphs 50, 51. These are the only allegations in Count I of the complaint and they do not raise the same claim that Thomason now raises on appeal.
 
 
 9
 Similarly, Thomason alleges that "Count II states a cause of action under ERISA, where son [John Nachtrieb], employer chairman, failed to fund mother's account" in joint action with others. Appellant's Brief p. 19. Again, however, plaintiff did not adequately raise what he now asserts to be the thrust of Count II before the district court. In Count II of the complaint, Thomason alleges only that the defendants are "co-conspirators who willfully, wrongfully and intentionally violated ERISA." Complaint p 59. This is the only allegation in Count II and it does not raise any issues concerning the failure to fund a pension account.
 
 
 10
 Recognizing that the plaintiff may have a valid cause of action, the district court granted defendants' motion for judgment on the pleadings with leave for plaintiff to amend his complaint. The court restated its interest in the case and its concern when it denied the plaintiff's motion for rehearing by stating "the court focused on the I.R.S. only to the extent that plaintiff's complaint also focused on the I.R.S. If the I.R.S. [was] irrelevant to plaintiff's cause of action, that merely illustrates the problems with the complaint." Thomason v. Nachtrieb, et al., No. 88-C-6775 (N.D.Ill. Dec. 19, 1988). In this statement, the district court specifically pointed to a problem with the complaint. But plaintiff failed to amend his complaint and he is barred from doing so now on appeal.
 
 
 11
 It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss, nor can it be amended by the briefs on appeal. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir.1984); Com. of Pa. Ex Rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3rd Cir.1988). The plaintiff failed to amend his complaint and cannot now argue a case that was not before the district court. This circuit has repeatedly held that if a party fails to present an argument before the district court, the party waives the right to present that argument on appeal. Lazzara v. Howard A. Esser, Inc., 802 F.2d 260, 268 (7th Cir.1986); Erff v. Markhon Indus., Inc., 781 F.2d 613, 618-19 (7th Cir.1986); Libertyville Datsun Sales v. Nissan Motor Corp., 776 F.2d 735, 737 (7th Cir.1985); Desert Palace, Inc. v. Salisbury, 401 F.2d 320, 324 (7th Cir.1968). Likewise, consideration of a motion to dismiss is limited to the pleadings. Hill v. Trustees of Indiana University, 537 F.2d 248, 251 (7th Cir.1976). Therefore, we cannot now look to the questions as presented by the plaintiff to this Court. By phrasing the questions on appeal in this manner, the plaintiff is attempting to do what the district court granted him 25 extra days to do and he failed to do, i.e. amend his complaint. It is now too late to achieve this result.
 
 
 12
 A final judgment has been entered pursuant to FRCP 58 ending the period to amend. Therefore, plaintiff cannot raise on appeal the allegations that Robert Nachtrieb paid money from a trust fund to a party in interest with funds that were not in the pension fund. Such an allegation was clearly not made out below. In summary, then, we find, as did the district court, that Count I does not allege that Robert Nachtrieb paid money to Elizabeth Nachtrieb with funds that were not there. Count I alleges only that there was a potential of a conflict of interest and the transaction should be approved by the I.R.S. Thus the complaint was properly dismissed for failure to state a claim.
 
 
 13
 We also affirm the district court's order on Count II for the same reasons as Count I. In Count II of the complaint plaintiff alleges the defendants are "co-conspirators who willfully, wrongfully and intentionally violated ERISA: [inter alia ] 1) by permitting a prohibited transaction by placing fund monies wrongfully with a party in interest." Complaint p 59. This conclusory language also fails to state a claim under ERISA. The district court held "that [t]o the extent Count II is premised on Count I, it fails for the same reasons as Count I. To the extent that it is premised on separate ERISA violations, it fails because it does not allege facts in support of those claims." Thomason v. Nachtrieb et al., No. 88-C-6775 (N.D.Ill. Dec. 14, 1988). There are no facts that the plaintiff could present that would support the legal theory he puts forth. Once again, plaintiff attempts to amend his complaint in his brief by alleging that Count II really states an action for a joint failure of defendants to fund Elizabeth Nachtrieb's pension account. However, this is clearly not established in the complaint and it is too late to raise the allegation on appeal after a final dismissal of the complaint. Therefore, Count II was also properly dismissed.
 
 
 14
 Counts III-VI are state claims that were dismissed by the district court when it denied pendent jurisdiction for want of a common nucleus of operative fact. See United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). We find the district court's decision to be correct and additionally note that pendent jurisdiction is denied on Count III-VI since we find Counts I and II were properly dismissed by the district court.
 
 III.
 
 15
 For the reasons discussed above, the district court properly granted defendants' motion for judgment on the pleadings. James Thomason did not allege before the district court that money was paid to a relative with funds not in the pension account, or that there was a joint failure to fund the pension account. Final judgment was triggered by plaintiff's failure to amend his complaint and it is too late for him to do so now. Accordingly, we affirm the district court's grant of defendants' motion for judgment on the pleadings.
 
 
 16
 AFFIRMED.