947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lorenzo TURNER, Plaintiff-Appellant,
v.
Michael P. LANE; Marjorie Donahue; Robert Motley; J. Kirk
and R.D. Johnson, Defendants-Appellees.
 No. 88-2589.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 2, 1991.*
Decided Oct. 22, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Lorenzo Turner is an inmate at the Dixon Correctional Center. He was formerly confined in the East Moline Correctional Center, and he has filed this action under 42 U.S.C. § 1983 alleging that officials there violated his due process rights at a prison disciplinary hearing. He asserts that he received constitutionally deficient notice of the charges against him, and that the Adjustment Committee improperly withheld the identities of both his purported victim and a confidential witness. The district court granted the defendant's motion for judgment on the pleadings, and dismissed Mr. Turner's complaint with prejudice. We affirm.
 
 I. FACTS
 
 2
 On May 2, 1986, Mr. Turner received an Inmate Disciplinary Report (I.D.R.) charging him, among other things,[1] with "sexual misconduct with another person in such a manner as to show disrespect for the other person." The name of the alleged victim was not indicated anywhere on the I.D.R. At a later hearing before the prison's Adjustment Committee, Mr. Turner denied all charges but was found guilty of sexual misconduct and three other charges. The Adjustment Committee based its decision in part on the statement of a confidential inmate witness. To protest this decision, Mr. Turner filed a grievance with the Administrative Review Board. After interviewing Mr. Turner and conducting further investigation, the Review Board found that only the sexual misconduct charge was substantiated. Mr. Turner's petition for reconsideration by the Review Board was denied. Michael P. Lane, then the Director of the Illinois Department of Corrections, adopted the Review Board's recommendation. Mr. Turner brought this civil rights complaint to attack the procedures followed by prison officials at the disciplinary hearing.
 
 II. ANALYSIS
 
 3
 A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted. Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir.1989). The moving party must demonstrate that there is no disputed material issue of fact and that the movant is entitled to judgment as a matter of law. National Fidelity Life Ins. Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir.1987). The motion should not be granted unless it is clear that the plaintiff can prove no facts in support of his claim for relief. Thomason, 888 F.2d at 1204; Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957). A court must view the facts alleged in the complaint in the light most favorable to the nonmoving party, National Fidelity, 811 F.2d at 358, but is not bound by any legal conclusions the nonmoving party has drawn from the facts. Republic Steel Corporation v. Pennsylvania Engineering Corp., 785 F.2d 174, 177 n. 2 (7th Cir.1986). In applying these standards on appeal, we accept the facts alleged in the plaintiff's complaint as true, but we conclude that there is no set of facts that support Mr. Turner's claim for relief.
 
 
 4
 In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974), the Supreme Court set forth the minimum requirements of procedural due process in prison disciplinary hearings. The prisoner must be provided with advance written notice of the charges against him, a limited opportunity to present and confront witnesses, and a written statement from the decisionmaker setting forth the evidence relied upon and the reasons for any disciplinary action. Id. at 564, 94 S.Ct. at 2978.
 
 
 5
 The notice to the prisoner must be adequate "to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. In the present case, it is unclear from the record why the name of the victim was not included in the Inmate Disciplinary Report,[2] but the record shows that notice of the sexual misconduct charge was constitutionally sufficient as Mr. Turner was able to present a reasonable defense. The record of the Administrative Review Board illustrates that Mr. Turner knew the basis of the charges against him, "supposedly the sexual misconduct was for being too friendly with a female employee who is in her 60's." (Rec. 1-Exhibit D). Mr. Turner went to great lengths to explain his relationship with the purported victim, and the possible motive for a false accusation by another inmate. Unfortunately for Mr. Turner, prison officials chose not to believe him, and their decision need only be supported by some evidence in the record. See Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773 (1985).
 
 
 6
 The defendants' failure to give him the victim's name in writing is not in itself a due process violation. Notices of prison disciplinary hearings are not held to the same due process standards as are criminal indictments. See Wolff, 418 U.S. at 560, 94 S.Ct. at 2977 ("[O]ne cannot automatically apply procedural rules designed for free citizens in an open society ... to the very different situation presented by a disciplinary proceeding in a state prison."). Mr. Turner received all the notice to which he was constitutionally entitled.
 
 
 7
 Mr. Turner also claims that the failure of the defendants to disclose the name of the confidential witness violated his due process rights. A prisoner's right to confront witnesses may be denied if the exercise of that right would be unduly hazardous to prison safety. Mendoza v. Miller, 779 F.2d 1287, 1293 (7th Cir.1985), cert. denied, 476 U.S. 1142, 106 S.Ct. 2251 (1986). The Adjustment Committee report indicated that this information was withheld from Mr. Turner for security reasons, thus providing a legitimate reason for failing to release the informant's identity. A legitimate reason, however, does not end the analysis. In Dawson v. Smith, 719 F.2d 896, 899 (7th Cir.1983), cert. denied, 466 U.S. 929, 104 S.Ct. 1714 (1984), this court held that if confidential information is relied upon in a prison disciplinary proceeding, there must be some indicia of the informant's reliability. In Mendoza v. Miller, supra, we outlined four possible means by which confidential information may be adjudged reliable:
 
 
 8
 (1) the oath of the investigating officer as to the truth of his report containing confidential information and his appearance before the disciplinary committee; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that, "he had first hand knowledge of the sources of the information and considered them reliable on the basis of 'their past record of reliability,' "; or (4) in camera review of material documenting the investigator's assessment of the credibility of the confidential informant.
 
 
 9
 Mendoza, 779 F.2d at 1293 (citations omitted). We agree with the district court's assessment that the confidential informer's statement was reliable based on the second Mendoza method: corroborating testimony. In addition to the testimony of the confidential informant, the Adjustment Board based its decision on the credibility of Lieutenant Johnson as the investigating officer, the fact that the inmate witness passed a polygraph test,[3] and an assessment of Mr. Turner's credibility. This corroboration gives sufficient indication of reliability to meet constitutional standards.
 
 
 10
 On appeal, Mr. Turner makes much of the fact that the district court did not base its judgment on the grounds urged by the defendants in their motion for judgment on the pleadings. The defendants originally claimed that judgment on the pleadings was proper since the complaint should be treated as a habeas corpus petition and the plaintiff had not exhausted his state remedies. (Rec. 32-5).[4] The district court rejected this argument, yet granted the motion for judgment on the pleadings finding that the defendants were entitled to judgment as a matter of law. (Rec. 34-6). Mr. Turner contends that once the district court rejected the defendant's exhaustion argument, it could not grant the motion for reasons not presented by the defendants. Mr. Turner's position is contrary to the law. The proper administration of justice demands that a district court have broad power over the proceedings before it. Caruth v. Pinkney, 683 F.2d 1044, 1051 (7th Cir.1982), cert. denied, 459 U.S. 1214, 103 S.Ct. 1212 (1983). There was no abuse of discretion when the district court decided sua sponte to grant judgment on the pleadings. See Flora v. Home Federal Sav. and Loan Ass'n, 685 F.2d 209, 211-12 (7th Cir.1982) (acting sua sponte, district court properly dismissed action on the pleadings).
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The I.D.R. also charged Turner with aiding or abetting or attempt or solicitation, bribery and blackmail, insolence, unauthorized movement, violation of rules, and intimidation or threats
 
 
 [2]
 Despite the appellees' rather oblique mention in their brief to the victim's need for "the government's protection," (Appellees' Brief at 15), the record gives no indication that the victim was ever in danger, or that prison officials believed the victim may have been in danger, if the name was disclosed in the disciplinary notice to Mr. Turner
 
 
 [3]
 The results of polygraph tests are admissible as evidence in prison disciplinary proceedings. See Lenea v. Lane, 882 F.2d 1171, 1174 (7th Cir.1989); Viens v. Daniels, 871 F.2d 1328, 1334-36 (7th Cir.1989)
 
 
 [4]
 The defendants have waived this argument on appeal. (Appellees' Brief at 9)