951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James C. SCHALOW, Plaintiff/Appellant,
v.
GENERAL MOTORS ACCEPTANCE CORPORATION and Robert Ziarnik,
Defendants/Appellees.
 No. 91-1014.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 27, 1991.
 
 Appeal from the United States District Court for the Eastern Dist. of Wisconsin, No. 89-C-1263, Terence T. Evans Chief Judge.
 E.D.Wis.
 AFFIRMED.
 BAUER, Chief Judge, and EASTERBROOK, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant James Schalow challenges the district court's dismissal of his 42 U.S.C. § 1983 claims. We agree that Schalow did not state a claim upon which relief could be granted and thus affirm the district court.
 
 I. FACTS
 
 2
 Until 1986, Schalow leased a car owned by the General Motors Acceptance Corporation (GMAC). Schalow defaulted on his car payments, and GMAC sued for replevin. Schalow appeared in the suit but only contested jurisdiction. A Wisconsin circuit court thus entered a default judgment in favor of GMAC after finding that it had jurisdiction. After the judgment, GMAC located the car in Milwaukee and attempted to seize it. Schalow, however, forbid the repossession and called the police. The police allowed GMAC to take the car.
 
 
 3
 After the repossession, Schalow attempted to reopen the replevin case. A Wisconsin circuit court held a trial on the matter and refused to reopen. After losing at trial, Schalow appealed to the Wisconsin Court of Appeals[1] and petitioned the Wisconsin Supreme Court.
 
 
 4
 Schalow also brought a separate civil action against GMAC. This action focused on whether GMAC's actions during the repossession constituted an unlawful breach of the peace. After hearing testimony for several days, a Wisconsin circuit court dismissed Schalow's complaint. Schalow appealed, and the appellate court affirmed in an unpublished opinion dated March 13, 1990. Schalow then petitioned the Wisconsin Supreme Court.
 
 
 5
 On October 6, 1989, Schalow filed a § 1983 complaint in federal court against GMAC and three new individuals, Milwaukee Police Chief Robert Ziarnik, Sergeant (first name unknown) Smith, and Dave Dixon.[2] The complaint alleged that the defendants violated Schalow's constitutional rights in contravention of 42 U.S.C. § 1983 when they seized the automobile. The district court dismissed the complaint against all the defendants, and Schalow appeals.[3]
 
 II. ARGUMENT
 
 6
 Schalow challenges the district court's decision to dismiss his claims against GMAC and Robert Ziarnik. When assessing the court's order, we must consider the factual allegations in the complaint and affirm only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Rodgers v. Lincoln Towing Serv. Inc., 771 F.2d 194, 198 (7th Cir.1985). Under this standard, the district court properly dismissed the claims against both of the defendants. Schalow's claims against GMAC are barred by res judicata, and he does not provide enough facts to state a claim against Ziarnik.
 
 
 7
 A. General Motors Acceptance Corporation (GMAC)
 
 1. The timeliness of the motion to dismiss
 
 8
 Schalow first argues that the district court erred when it granted GMAC's Rule 12(b)(6) motion to dismiss even though the motion was filed after GMAC's answer. We agree that a court should not grant a Rule 12(b)(6) motion to dismiss after an answer is filed, Republic Steel Corp. v. Pennsylvania Eng'g Corp., 785 F.2d 174, 182 (7th Cir.1986), but refuse to vacate on those grounds. This court has encountered the same issue before, and, instead of vacating, has assessed the Rule 12(b)(6) motion as if it were a Rule 12(c) motion on the pleadings. See Id. Rule 12(c) allows a court to dismiss a claim on the pleadings using the same standard as Rule 12(b)(6). Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir.1989); see also Fed.R.Civ.P. 12(h)(2).
 
 2. Schalow's substantive claims
 
 9
 Schalow cannot prove any facts which would entitle him to relief because his claim was already litigated in state court and hence is barred by 28 U.S.C. § 1738. Section 1738 requires federal courts to apply preclusive doctrines such as res judicata and collateral estoppel in situations where those doctrines would be applied under the law of the state which rendered the first judgment. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Under Wisconsin law, a claim is barred by res judicata if there is (1) a final state judgment on the merits which involved (2) the same parties and (3) the same cause of action. Pliska v. Stevens Point, 823 F.2d 1168, 1173 (7th Cir.1987) (applying Wisconsin law). Wisconsin law bars both issues which were actually raised in the first suit and those which the plaintiff had the opportunity to raise. Krison v. Nehls, 767 F.2d 344, 349 (7th Cir.1985).
 
 
 10
 Schalow's civil action against GMAC for breach of the peace bars his federal suit because it meets all the above requirements. The Wisconsin circuit court entered a final judgment on the merits when it dismissed Schalow's civil complaint.[4] The Wisconsin judgment involved the same parties (GMAC and Schalow) and cause of action as Schalow's federal suit. Two suits involve the same cause of action "if both suits arise from the same transaction, incident or factual situation." Id. This is true of Schalow's case where both suits involved the towing of his car. Finally, Schalow could have brought his § 1983 claim in state court. States have concurrent jurisdiction over § 1983 claims, and thus can hear § 1983 suits along with state causes of action. Felder v. Casey, 487 U.S. 131, 139 (1988).
 
 
 11
 Res judicata therefore bars Schalow's § 1983 claims against GMAC.
 
 B. Police Chief Ziarnik
 
 12
 Schalow also argues that his complaint states a claim against Ziarnik in his official capacity. Schalow's complaint alleges:
 
 
 13
 Robert Ziarnik in his capacity as police chief deliberately failed and neglected to supervise and control defendants, General Motors Acceptance Corporation, Sergeant Smith and tow truck operator, Dave Dixon, and deliberately failed and neglected to promulgate, issue and enforce reasonable guidelines, rules and standards of conduct and care for personnel of the City of Milwaukee police department and others who are, or may be, involved in assisting in the seizure of personal property, including vehicles ...
 
 
 14
 A claim against a city official in his official capacity is identical to a claim against the municipality. Shelby County Jail Inmates v. Westlake, 798 F.2d 1085, 1093 (7th Cir.1986). A municipality cannot be held liable for a violation of Section 1983 solely on the theory of respondeat superior. Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978). Furthermore, proof of a single, isolated incident does not establish liability unless "proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985). To establish such a policy, a plaintiff must provide more than conclusory facts. "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient." Rodgers, 771 F.2d at 202.
 
 
 15
 Under this standard, Schalow's claim fails. His complaint only points to one incident of "improper" conduct, the seizure of his car. Thus, he must allege with particularity that some unconstitutional policy caused his injury. Because he fails to do this, his complaint was appropriately dismissed.
 
 
 16
 We, therefore, AFFIRM the decision of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 On appeal, Schalow also raised a § 1983 claim for the first time. The appellate court refused to consider the issue because Schalow did not raise it at the circuit court level
 
 
 [2]
 On May 21, 1991, Sergeant Smith and Dave Dixon were dismissed as parties to this appeal. The other defendant, Robert Ziarnik is a named appellee
 
 
 [3]
 In his appellate brief, Schalow also challenges the Wisconsin Court of Appeals decision to announce his case in an unwritten opinion. We cannot consider this issue today because Schalow did not raise it before the district court. United States v. Ware, 914 F.2d 979, 1002 (7th Cir.1990)
 
 
 [4]
 Schalow argues that this judgment was not final because his state action was still pending in the Wisconsin Court of Appeals when he filed his federal claim. See Bickham v. LaShof, 620 F.2d 1238, 1246 (7th Cir.1980). According to our caselaw, however, a decision rendered by a trial court is final even if an appeal is pending. Grantham v. McGraw--Edison Co., 444 F.2d 210, 217 (7th Cir.1971)