989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Raymond R. PALMER, Petitioner/Appellant,
v.
UNITED STATES ATTORNEY GENERAL, et al., Respondents/Appellees.
 No. 90-1842.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1993.*
Decided March 11, 1993.
 
 Before POSNER and KANNE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Raymond Palmer appeals the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241. Because he is challenging the location and conditions of his confinement and not the fact or duration of confinement, we will construe his petition as a Bivens action. Graham v. Broglin, 922 F.2d 379, 382 (7th Cir.1991) (if prisoner files a petition for habeas corpus when he should have brought a civil rights suit, "all he has done is mislabel his suit, and he should be given leave to plead over or the mislabeling should simply be ignored").
 
 
 2
 When Palmer was originally convicted in February 1987, the sentencing court recommended that he serve his sentence at the Federal Medical Center (F.M.C.) at Rochester, Minnesota so that he could receive psychiatric treatment. In August 1988, the Warden of F.M.C.-Rochester issued a redesignation memorandum, stating that Palmer no longer needed inpatient medical treatment. Palmer was transferred to the federal correctional center (F.C.C.) at Oxford, Wisconsin. He filed this action in the district court, claiming that the transfer was in violation of the sentencing court's order and that he was not receiving proper medical care at the facility. The district court dismissed his petition. Palmer appeals.[1]
 
 
 3
 Pursuant to 18 U.S.C. § 4082(b), the Attorney General has absolute discretion to transfer a prisoner from one place of confinement to another.[2] Castenada v. Henman, 914 F.2d 981, 984 (7th Cir.1990), cert. denied, 111 S.Ct. 1085 (1991). The transfer may occur at any time and for any reason or for no reason at all. Brown-Bey v. United States, 720 F.2d 467 (7th Cir.1983) (citations omitted). An inmate has no constitutional liberty interest in remaining at a particular institution. Castenada, 914 F.2d at 983 (citing Meachum v. Fano, 427 U.S. 215, 224-25 (1976)). Furthermore, due process does not require a hearing for transfers. Castenada, 914 at 984; see Brown-Bey, 720 at 470 (citing Olim v. Wakinekona, 103 S.Ct. 1741 (1983); Montanye v. Haymes, 427 U.S. 236 (1976); Meachum v. Fano, 427 U.S. 215 (1976)).
 
 
 4
 Palmer's claim that he has been deprived of proper medical treatment is without merit. A determination was made at F.C.C.-Rochester that Palmer was no longer in need of inpatient medical treatment. Palmer has not stated a claim that prison officials violated his Eighth Amendment rights by demonstrating "deliberate indifference" towards him. Estelle v. Gamble, 429 U.S. 97 (1976).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Palmer is now incarcerated in the United States Penitentiary (U.S.P.) at Marion, Illinois, serving a different conviction for assaulting a correctional officer. On appeal we address only the transfer from F.M.C.-Rochester to F.C.C.-Oxford; the transfer from F.C.C.-Oxford to U.S.P.-Marion was not the subject of Palmer's petition. See Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir.1989)
 
 
 [2]
 Section 4082 has since been repealed; however, it still applies to sentences for offenses committed prior to November 1, 1987. 18 U.S.C. § 4082 (1992)