991 F.2d 799
 2 A.D. Cases 880, 4 NDLR P 191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
THOMAS V. MILLEA, Plaintiff-Appellant,
v.
JESSE BROWN,[1] Secretary of the Department of
Veterans Affairs, Defendant-Appellee.
 No. 92-2734.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 3, 1993.
Decided April 14, 1993.
 
 Before BAUER, Chief Circuit Judge, COFFEY, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Thomas V. Millea, formerly employed as a Catholic chaplain at the Edward Hines, Jr. Hospital of the Department of Veterans Affairs, alleges that he was discriminated against on the basis of his religion and his handicap, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. and the Rehabilitation Act of 1973, 29 U.S.C. § 791. The district court granted the defendant's Rule 12(c) motion for judgment on the pleadings, finding that Millea's decision to retire on a disability pension precluded the relief he seeks, and that Millea's claim of constructive discharge was not cognizable since he had not included that claim in his EEOC charge. Millea filed a timely appeal. We affirm.
 
 I. BACKGROUND
 
 2
 Thomas V. Millea was employed as a Catholic chaplain by the Department of Veterans Affairs, providing pastoral care at the Edward Hines, Jr. Hospital. He filed a formal EEO complaint with the Department of Veterans Affairs on June 28, 1988, alleging that he was discriminated against on the basis of his religion, physical handicap, and in reprisal for filing previous EEO complaints. Millea retired on a disability pension on November 21, 1989. During the period between June 28, 1988 and November 21, 1989, no action was taken on his complaint.
 
 
 3
 In his EEO complaint, Millea alleged that his supervisor had refused on many occasions to honor job restrictions recommended by his physicians to accommodate his arthritis, and instead assigned him to extra duties, that his supervisor attempted to compel him to attend services not permitted by Catholic faith guidelines, and that Millea and other Catholic chaplains who wished to hold religious services outside of their regular duty hours were told they would not be compensated, even though chaplains of other faiths were compensated for such services. Furthermore, Millea alleged that his supervisor issued new guidelines for contacting chaplains to perform pastoral services for non-denominational patients without notifying the Catholic chaplains. Millea also complained of improper processing of several requests for sick leave, and of verbal abuse and exclusion from a Four Chaplains Day ceremony. He further alleged that his supervisor deliberately canceled an official vacancy announcement intended to replace a retired Catholic chaplain, and that if the position had been filled, Millea would have been able to manage his own work load despite his disabling arthritis.
 
 
 4
 On April 23, 1990, the Office of the General Counsel of the Department of Veterans Affairs (the "agency") rejected Millea's complaint as moot, on the ground that Millea was no longer employed by the Department. Millea appealed this decision to the Equal Employment Opportunity Commission ("EEOC"), which initially found that the agency's decision to reject certain of his claims was improper and remanded these claims to the agency. Upon the agency's request to reopen and reconsider this decision, the EEOC reversed its initial decision on January 11, 1991, and ruled that in light of Millea's retirement no further remedial relief was available to him.
 
 
 5
 Millea then filed a complaint in district court, again alleging that he suffered injury and damage while performing his duties as chaplain because of religious and handicap discrimination and in retaliation for filing previous complaints.[2] Millea also added a new allegation, claiming that as a result of this discriminatory treatment, he was forced to apply for and accept a disability pension. On May 26, 1992, the district court granted defendant's motion for judgment on the pleadings, brought pursuant to Fed.R.Civ.P. 12(c), ruling that remedial relief was no longer available to Millea under either Title VII or the Rehabilitation Act of 1973, and that Millea's claim of constructive discharge was not cognizable, since Millea had failed to include this claim in his EEOC charge. This appeal followed.
 
 II. ANALYSIS
 
 6
 A Rule 12(c) motion for judgment on the pleadings is generally subject to the same standard of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim. Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir.1989). Thus, a Rule 12(c) motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957); Thomason, 888 F.2d at 1204. The court must view the facts alleged in the light most favorable to the plaintiff, Thomason, 888 F.2d at 1204, drawing all reasonable inferences from the pleadings in the plaintiff's favor. Republic Steel Corp. v. Pennsylvania Engineering Corp., 785 F.2d 174, 177 n. 2 (7th Cir.1986).
 
 
 7
 As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that are beyond the scope of his EEOC charge. Taylor v. Western and Southern Life Ins. Co., 966 F.2d 1188, 1194 (7th Cir.1992); Babrocky v. Jewel Food Co., 773 F.2d 857, 863-64 (7th Cir.1985). Since the same procedure applies to claims brought under the Rehabilitation Act, see 29 U.S.C. § 794a(a)(1), a plaintiff alleging handicap discrimination must likewise file an EEOC charge encompassing the claims that are to form the basis of his lawsuit. See McGuinness v. United States Postal Service, 744 F.2d 1318, 1319-22 (7th Cir.1984); Haithcock v. Frank, 958 F.2d 671, 675-76 (6th Cir.1992). A claim of discrimination is within the scope of the EEOC charge if it is "like or reasonably related to the allegations of the charge and growing out of such allegations." Taylor, 966 F.2d at 1194 (quoting Jenkins v. Blue Cross Mutual Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir.) (en banc ) (citations omitted), cert. denied, 429 U.S. 986, 97 S.Ct. 506 (1976)). When applying this standard, courts are to construe EEOC charges liberally to ensure that the remedial purposes of Title VII are served. Id. at 1195.
 
 
 8
 The standard for proving constructive discharge is, however, quite strict. In general, "an employee may not be unreasonably sensitive to his working environment," Brooms v. Regal Tube Co., 881 F.2d 412, 423 (7th Cir.1989) (citing Bailey v. Binyon, 583 F.Supp. 923, 929 (N.D.Ill.1984)), and must seek redress while remaining on the job "unless he is confronted with an aggravated situation beyond [the fact of] ordinary discrimination." Id.; Taylor, 966 F.2d at 1194, 1196. A long-standing pattern of discriminatory treatment over time may be sufficient to create an aggravated situation justifying a decision to resign. Taylor, 966 F.2d at 1194, 1196; Bailey, 583 F.Supp. at 929-30 (citing Nolan v. Cleland, 686 F.2d 806, 813-14 (9th Cir.1982)).
 
 
 9
 Millea did not directly allege in his EEOC charge that his employer forced him to accept retirement--nor could he have, since he filed his EEOC charge approximately seventeen months before retiring. Millea also failed to allege that his employer was attempting to force him into retirement, or to file a second EEOC charge after he retired containing a clear allegation that his retirement was compelled. Thus, the issue before us is whether a claim of constructive discharge may be fairly read into Millea's EEOC charge. On its face, the EEOC charge does not allege an aggravated situation from which we may reasonably infer that Millea's employer created intolerable working conditions compelling Millea to retire. Furthermore, the central allegations in Millea's EEOC charge concern his employer's refusal to honor Millea's work restrictions and to reduce his workload. There is nothing in the EEOC charge to suggest that Millea might have faced outright termination or pressure to retire had he refused work assignments that were beyond his physical capabilities. A constructive discharge claim is thus outside the scope of the EEOC investigation that could reasonably be expected to arise out of the allegations of discriminatory treatment expressly stated in Millea's EEOC charge. See Powers v. Grinnell Corp., 915 F.2d 34, 38-39 (1st Cir.1990); Miller v. International Tel & Tel. Corp, 755 F.2d 20, 23-24 (2d Cir.), cert. denied, 474 U.S. 851, 106 S.Ct. 148 (1985). We must therefore conclude that Millea's employer was deprived of proper notice that it would be faced with a constructive discharge claim in district court. See Taylor, 966 F.2d at 1195; Babrocky, 773 F.2d at 863; see also Miller, 755 F.2d at 25-26. Because we have determined that the constructive discharge claim is not "like or reasonably related" to the allegations in Millea's EEOC charge, or "growing out of such allegations," consideration of that claim is barred. Babrocky, 773 F.2d at 864 (quoting Jenkins, 538 F.2d at 167 (citations omitted)).
 
 
 10
 We next consider whether we may grant remedial relief on Millea's remaining claims. Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a claim where no judicial relief is available to the plaintiff.[3] See Davis v. Passman, 442 U.S. 228, 244, 99 S.Ct. 2264, 2276-77 (1979); Eastman v. Virginia Polytechnic Institute, 939 F.2d 204, 205 (4th Cir.1991). Dismissal is therefore proper if Millea's retirement makes it impossible for the court to order any of the relief which may have been available to him under either Title VII or the Rehabilitation Act.
 
 
 11
 It is well-settled that a Title VII plaintiff may only obtain equitable relief, and that compensatory or punitive damages are unavailable. 42 U.S.C. § 2000e-5(g); Brooms, 881 F.2d at 423. Since the provision governing the relief available under § 501 of the Rehabilitation Act, 29 U.S.C. § 791, explicitly incorporates the remedies available under Title VII, compensatory and punitive damages are likewise unavailable under that section of the Rehabilitation Act. 29 U.S.C. § 794a(a)(1); see McGuinness, 744 F.2d at 1321-22.
 
 
 12
 Apart from his constructive discharge claim, Millea's other claims could have been remedied only through a grant of equitable relief relating to the amelioration of working conditions. The district court was therefore correct in ruling that Millea's retirement precluded it from granting any of the remedial relief that may have been available to Millea on the claims explicitly stated in his EEOC charge.
 
 CONCLUSION
 
 13
 The district court's dismissal of Millea's claim is
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Pursuant to Fed.R.App.P. 43(c), Jesse Brown has been substituted for Edward J. Derwinski as Secretary of the Department of Veterans Affairs
 
 
 [2]
 A footnote to the EEOC Grant of Request to Reopen mentions one such complaint filed by Millea on June 30, 1987, alleging that the Department of Veterans Affairs had refused to honor his physician's request that he be placed on restricted duty. The complaint was finally disposed of on October 19, 1990 as being moot due to Millea's subsequent retirement. Thomas v. Millea, OEO case No. 89-360 (January 11, 1991)
 
 
 [3]
 The same rule would presumably apply to motions brought under Rule 12(c). See e.g., Thomason, 888 F.2d at 1204