**CITY OF WAUKESHA, Plaintiff,**

v.

**VIACOM INTERNATIONAL INC., Amron, L.L.C., and A.W. Holding Corp., Defendants.**

No. 01–C–0872.

United States District Court, E.D. Wisconsin.

March 23, 2005.

Carolyn A. Sullivan, Donald P. Gallo, Jeffrey P. Clark, Reinhart Boerner Van Deuren, Milwaukee, WI, Curt R. Meitz, Waukesha City Attorney's Office, Pamela H. Schaefer, Reinhart Boerner Van Deuren, Waukesha, WI, for Plaintiff.

Amy K. Kasper, David G. Walsh, Douglas B. Clark, Foley & Lardner, Madison, WI, Paul Bargren, Foley & Lardner, Daniel E. Conley, Keith A. Bruett, Rachel A. Schneider, Quarles & Brady, K. Scott Wagner, Hale & Wagner, Molly E. Hall, William S. Roush, Jr., Davis & Kuelthau, Milwaukee, WI, Richard Greenberg, Greensfelder Hemker & Gale, St. Louis, MO, for Defendants.

Richard G. Leland, Kerri B. Folb of Kramer Levin Naftalis & Frankel LLP, New York, NY, for Defendant A.W. Holding Corp. and Geneve Corp.

## ORDER

STADTMUELLER, District Judge.

The Supreme Court opinion, *Cooper Industries, Inc. v. Aviall Services, Inc.*, —— U.S. ——, 125 S.Ct. 577, 160 L.Ed.2d 548 (2004), requires the court to dismiss the City of Waukesha's (City) CERCLA contribution claim under CERCLA § 113(f)(1). The City seeks to amend its Third Amended Complaint to add CERCLA claims under § 113(f)(3)(B) and § 107(a), but the court denies the City leave to amend because the proposed CERCLA amendments are futile. Because the court must dismiss the City's CERCLA claims, the court denies as moot Amron LLC's motion for summary judgment [docket # 176]. The court also denies the City's motion for leave to file a proposed revised fifth amended complaint [docket # 240]. With respect to the City's RCRA claim, the court must deny Viacom's motion for a judgment on the pleadings.

In *Cooper*, the Supreme Court held that a private party who has not been sued under § 106 or § 107(a) may not obtain contribution under § 113(f)(1) from other liable parties. *Cooper*, —— U.S. at ——, 125 S.Ct. at 580. In so holding, the Supreme Court reversed the judgment of the Fifth Circuit, *see Aviall Services, Inc. v. Cooper Industries, Inc.*, 312 F.3d 677 (5th Cir.2002) (en banc), and rejected the arguments advanced in the dissenting opinion of the Fifth Circuit's three-judge panel. *See Aviall Services, Inc. v. Cooper Industries, Inc.*, 263 F.3d 134 (5th Cir.2001) (Wiener, J., dissenting). In an earlier order in this action, the court determined that the City could maintain an action under § 113(f)(1) even though it had not been sued under § 106 or § 107(a) based upon the court's reading of § 113(f)(1) and applicable case law, including Judge Wiener's dissent in *Cooper*. (*See* September 24, 2002 order) [docket # 85]. In light of the Supreme Court's decision in *Cooper*, the court must revisit its earlier order and

dismiss the City's § 113(f)(1) against the defendants.[1]

■ Following the Supreme Court's *Cooper* decision and Viacom's motion for judgment on the pleadings, the City filed a January 31, 2005 "Motion for Leave to File a Proposed Revised Fifth Amended Complaint." [2] The City seeks leave to amend its Third Amended Complaint [docket # 80] to add CERCLA claims under § 113(f)(3)(B) and § 107(a). The court may deny a motion for leave to amend if the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (noting that a court has discretion to deny a motion for leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility). An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief may be granted." *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir.1997) (citations omitted).

■ Any claim under § 113(f)(3)(B) would be futile. Under § 113(f)(3)(B), the City may only succeed on a claim for contribution if it "has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement." 42 U.S.C. § 9613(f)(3)(B). The City has not resolved any portion of its liability to the United States or to Wisconsin in an administrative or a judicially approved settlement. Although the City entered into a cost share pilot program contract with the WDNR pursuant to Wis. Stat. § 292.35, (*see* January 31, 2005 Affidavit of Pamela H. Schaefer, Ex. 6), the contract is not an administrative or judicially approved settlement that resolves the City's CERCLA liability to Wisconsin. *See* Wis. Stat. § 292.35(11) ("[N]o common law liability, and no statutory liability that is provided in other statutes, for damages resulting from a site or facility is affected in any manner by this section. The authority, power and remedies provided in this section are in addition to any authority, power or remedies provided in any other statutes or provided at common law."). The City also submitted a separate administrative settlement agreement to the WDNR that explicitly resolves the City's liability to the State under state law and CERCLA, but the WDNR has not signed the agreement. (*See* March 16, 2005 Affidavit of Pamela H. Schaefer, Ex. A, B.) [3] If the unsigned administrative settlement agreement demonstrates anything, it demonstrates that the City has not yet resolved its CERCLA liability to the State.

■ Any claim under § 107(a) would also be futile. The City's initial complaint asserted an implied right of contribution claim under § 107(a), but the City dropped the § 107(a) claim from the subsequent iterations of its complaint because of the Seventh Circuit decisions in *Rumpke of Indiana, Inc. v. Cummins Engine Co., Inc.*, 107 F.3d 1235 (7th Cir.1997), and *Akzo Coatings, Inc. v. Aigner Corp.*, 30

---

1. Viacom filed a January 10, 2005 "Motion for Judgment on the Pleadings in Light of *Aviall*," which Amron LLC joined on January 31, 2005. In light of *Cooper*, the court must dismiss the City's § 113(f)(1) claim against all of the defendants, including A.W. Holding.

2. Before the City filed its January 31, 2005 motion, the City had filed two other motions for leave to amend its complaint. [*See* docket # 187 and # 196.] In the January 31, 2005

motion, the City withdraws both of its previously filed motions for leave to amend. (*See* City's January 31, 2005 motion at 1–2.)

3. The City submitted a letter from a WDNR representative who wrote, "DNR and the City are in agreement regarding the basic terms, but we are working on some of the details regarding the Agreement." (*See* March 16, 2005 Affidavit of Pamela H. Schaefer, Ex. B.)

F.3d 761 (7th Cir.1994). (*See* City's March 16, 2005 brief, at 23.) The City was correct to drop the § 107(a) claim. *Akzo Coatings* held that an innocent landowner could bring a claim for direct response costs against a responsible party under § 107(a) but that a landowner who was a party liable in some measure for the contamination must seek contribution under § 113(f). *Akzo Coatings*, 30 F.3d at 764. The City does not contend that it is an innocent landowner. *Cooper* does not vacate the Seventh Circuit precedent that previously compelled the City to drop its § 107(a) claim. Therefore, the City's proposed amendment that would add a § 107(a) claim would be futile.

Because the City no longer has a viable CERCLA claim against any defendant in this action, the court denies as moot Amron LLC's motion for summary judgment [docket # 176]. In its motion for summary judgment, Amron LLC argues that the City's CERCLA contribution claim against it must fail because Amron LLC is not a successor corporation to Amron Corporation. Because the court must dismiss the City's CERCLA claim on other grounds, the court has no need to decide the issue of successor liability.

 The remaining issue for the court to decide is whether the court should grant Viacom's motion for judgment on the pleadings with respect to the City's RCRA claim. A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss for failure to state a claim. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989). Accordingly, the motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief. *Id.* (citations omitted). The court views the facts in the complaint in the light most favorable to the nonmovant. *Id.*

Viacom argues that the court has already held that the City's RCRA claims are unsustainable. In the court's March 26, 2004 order, the court denied the City's motion for a preliminary injunction against Viacom. The court identified the limited remedies available under RCRA:

> Under the citizen suit provision, a private citizen may seek a mandatory injunction, one that orders a responsible party to take action by attending to the cleanup and proper disposal of toxic waste, or a prohibitory injunction, one that restrains a responsible party from further violating RCRA. *See* § 6972(a)(1)(B); *Meghrig*, 516 U.S. at 484, 116 S.Ct. 1251. A RCRA injunction can only issue when waste has been identified that "may present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B).

(March 26, 2004 order, at 4.) The City did not request an injunction that would prohibit Viacom from further violating RCRA; rather, the City described the relief it sought as follows:

> Given the complexities of dealing with the multiple parties that generated waste at the Landfill or own a portion of the Landfill, a municipality and an environmental consultant that have been remediating the Landfill for over a decade, and a state agency that has been actively involved in every step at the Landfill, the City believes that it makes the most sense to require Viacom to pay its share of the future costs of work at the Landfill. Alternatively, the Court can order Viacom to take over a portion of the actual work.

(City's December 19, 2003 brief, at 17 n. 38) [docket # 162]. The court determined that RCRA does not allow the City to recover cleanup costs before or after RCRA is invoked. (*See* March 26, 2004

order, at 5–6.) The court also determined that it was inappropriate to issue an injunction requiring Viacom to take over work that was already being accomplished by the City and the WDNR. (*Id.* at 6–8.) Specifically, the court noted that a RCRA citizen suit would be viable if the plaintiff sued to have the defendants install additional remediation systems, perform different required activities than plaintiff had already undertaken, or completely take over responsibility for completing a remediation that plaintiff had begun. (*Id.* at 6–7) (citing *Express Car Wash Corp. v. Irinaga Brothers, Inc.,* 967 F.Supp. 1188, 1194 n. 5 (D.Or.1997)). The court, however, found it significant that the City itself explained why it would make more sense to require Viacom to pay costs rather than to take over a portion of the actual work. (March 26, 2004 order, at 6–8.) As a district court stated in *87th Street Owners Corp. v. Carnegie Hill–87th Street Corp.,* 251 F.Supp.2d 1215, 1220 (S.D.N.Y.2002):

> "[O]rdering defendant to take over operation of the system that has been installed by [a state agency] to ameliorate the effects of the spill would do nothing to improve the operation of that system; plaintiff does not contend that [the state agency] is not competent to operate the system or that an unspecified 'consultant' hired by plaintiff would do a better job. Nor is ordering defendant to 'do whatever else [the state agency] would require' a meaningful exercise of the Court's equitable power."

*Id.* The court found the City's suggestion that "the Court can order Viacom to take over a portion of the actual work" to be similar to the plaintiff's suggestion in *87th Street.*

■ Viewing the facts in the complaint in the light most favorable to the City, the City has not failed to state a RCRA claim as a matter of law. Under RCRA, a citizen may seek a mandatory injunction that orders a responsible party to take action by attending to the cleanup and proper disposal of toxic waste. *See* 42 U.S.C. § 6972(a)(1)(B); *Meghrig v. KFC Western, Inc.,* 516 U.S. 479, 484, 116 S.Ct. 1251, 134 L.Ed.2d 121 (1996). In its Third Amended Complaint, the City seeks an order requiring Viacom, Amron LLC, and A.W. Holding "to take action to address the endangerment which exists, including the investigation of the extent of contamination and implementation of all necessary remedial activities." (Third Amended Complaint, ¶ 43.) Therefore, the court concludes that the City has stated a claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED** that Viacom's motion for judgment on the pleadings be and the same is hereby **GRANTED** in part and **DENIED** in part; the City's contribution claim under CERCLA § 113(f)(1) is hereby **DISMISSED**; Viacom's motion with respect to the City's RCRA claim is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the City's motion for leave to file a proposed revised fifth amended complaint [docket # 240] and the City's previous motions to amend its complaint [docket # 's 187, 196] be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Amron LLC's motion for summary judgment [docket # 176] be and the same is hereby **DENIED** as moot.