13-2960-cv
*Petrone v. Hampton Bays Union Free School District*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand fourteen.

PRESENT:

    RALPH K. WINTER,
    JOHN M. WALKER, JR.
    JOSÉ A. CABRANES,
          *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN PETRONE,

     *Plaintiff-Appellant,*

      -v.-                                 No. 13-2960-cv

HAMPTON BAYS UNION FREE SCHOOL DISTRICT,

     *Defendant-Appellee,*

     *and*

J. BRUCE MCKENNA,

     *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**         WILLIAM M. BROOKS (Lisa Vega, Kimberly Saasto, Law Student Interns, *on the brief*), Mental Disability Law Clinic, Touro College,

Jacob D. Fuchsberg Law Center, Central Islip, NY.

**FOR DEFENDANTS-APPELLEES:**    Michael A. Miranda, Miranda Sambursky Slone Sklarin Verveniotis LLP, New York, NY.

Appeal from a judgment, entered July 11, 2013, of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff John Petrone, a teacher, appeals from the judgment of the District Court granting summary judgment in favor of defendant, the Hampton Bays Union Free School District ("HBUFSD" or the "District"). He brought claims under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973, alleging that the District failed to provide him with a reasonable accommodation for, and forced him to resign from his position because of, his mental illness.

We otherwise assume the parties' familiarity with the underlying facts, procedural history, and issues for review, to which we refer only as necessary to explain our decision.

We review *de novo* an order granting summary judgment and "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). We affirm when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

## DISCUSSION

To establish a claim under the ADA, the plaintiff must show that: "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013) (internal quotation marks omitted).[1]

---

[1] The elements of a discrimination claim under the ADA and section 504 of the Rehabilitation Act are identical and are analyzed under the same burden-shifting framework. *See Lyons v. Legal Aid Society*, 68 F.3d 1512, 1515 (2d Cir.

"An employer may also violate the ADA by failing to provide a reasonable accommodation. A plaintiff states a *prima facie* failure to accommodate claim by demonstrating that '(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.'" *Id.* at 125–26 (2d Cir. 2013) (quoting *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009)). As part of an employer's duty to provide reasonable accommodations, it must engage in an "interactive process" with the employee to find such accommodation. *Jackan v. N.Y. State Dep't of Labor*, 205 F.3d 562, 566 (2d Cir. 2000); 29 C.F.R. § 1630.2(o)(3).

We affirm on the grounds that Petrone has not met his burden to show that he could have performed the essential functions of his job even with a reasonable accommodation.

## A. Reasonable Accommodation

Beginning in January 2002, Petrone took a medical leave of absence from teaching in order to treat his mental illness. It is undisputed that, at the time he began his leave of absence, Petrone could not perform the essential functions of a teacher without accommodation. He could not go to school or teach without experiencing symptoms of his generalized anxiety disorder and panic disorder. Petrone contends, however, that if the District had accommodated him by granting him additional leave, he could have returned to teaching and fulfilled all essential job functions.

In assessing whether a particular accommodation will render a plaintiff "qualified," we must conduct "a fact-specific inquiry into both the employer's description of a job and how the job is actually performed in practice." *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 140 (2d Cir. 1995). "After the essential functions of the position are determined, the plaintiff must demonstrate that he or she could have performed these functions, with or without reasonable accommodation, *at the time of the termination . . . .*" *McMillan*, 711 F.3d at 127 (emphasis supplied).[2]

"In discrimination claims based both on adverse employment actions and on failures to accommodate, the plaintiff 'bears the burdens of both production and persuasion as to the existence of some accommodation that would allow [him] to perform the essential functions of [his] employment.'" *Id.* at 126 (quoting *McBride*, 583 F.3d at 97).

The District Court concluded that Petrone had not established that he was a "qualified individual," because he "did not, and could not, provide HBUFSD with any assurance that a

---

1995).

[2] Although it is axiomatic that "[a] reasonable accommodation can never involve the elimination of an essential function of a job," *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003), we have never resolved the question of whether paid or unpaid leave can constitute a reasonable accommodation under the ADA, *see Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 186 n.6 (2d Cir. 2006); *Graves v. Finch Pruyn & Co.*, 353 F. App'x 558, 560 (2d Cir. 2009) (summary order). We need not do so today. Even assuming this point in Petrone's favor, an accommodation of a leave of absence must enable the employee to perform the essential functions of his job.

temporary leave of absence would allow him to resume teaching." Special App'x 44. This is because neither Petrone nor his doctor ever informed the District of a date when he anticipated being able to return to work or indicated how long a leave of absence might have to last.

Petrone argues that he was, in fact, capable of returning to work at the time the District demanded his resignation. But there is no evidence in the record that he or his doctor ever informed the District that this was the case.

Petrone also argues that he was entitled to additional leave under the terms of the collective bargaining agreement in place in the District. However, the relevant terms of the collective bargaining agreement state that the additional leave days "may be granted at the discretion of the Board [of Education]". *See* Joint App'x 603. This is strong evidence that an accommodation of an extended leave of absence would not have been an undue hardship for the District, *see* 42 U.S.C. § 12111(10), but Petrone never met his initial burden to show that the accommodation was reasonable—that is, that it would have allowed him to return to work.

We agree with the District Court's thorough opinion and conclude that Petrone failed to make a *prima facie* case that his requested accommodation of unpaid leave was reasonable, because he gave the District no assurance whatsoever that he would be able to return to work. Accordingly, Petrone has not met his burden to show that the accommodation of additional unpaid leave would have allowed him to perform the essential functions of his job.

## B. Interactive Process of Accommodation

We affirm the District Court's determination as to the interactive process for similar reasons.

As an initial matter, it appears from the record that the District *did* attempt to engage with Petrone and find a reasonable accommodation. Petrone did not respond to the District's letter.

Even if the District had not engaged in the interactive process, however, we have held that "an employer's failure to engage in a sufficient interactive process does not form the basis of a claim under the ADA . . . unless [the plaintiff] also establishes that, at least with the aid of some identified accommodation, [he] was qualified for the position at issue." *McBride*, 583 F.3d at 99–101. Because, here, Petrone has not made a *prima facie* showing that a reasonable accommodation existed, he has not met his initial burden, and the District cannot be held liable for not engaging in an interactive process with him.

4

**CONCLUSION**

We have reviewed the record and considered plaintiffs' remaining arguments on appeal, and find them to be without merit. For the reasons set out above, we **AFFIRM** the District Court's July 11, 2013, judgment.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court