**Beverly BROWN, Plaintiff,**

v.

**BOARD OF EDUCATION OF the CITY OF NEW BRITAIN,[1] Defendant.**

**Civil Action No. 3:12–CV–909 (JCH).**

United States District Court, D. Connecticut.

Signed May 28, 2015.

---

1. The Complaint misidentifies the defendant as a town rather than a city. *See* Memorandum of Law in Support of the Defendant's Motion for Summary Judgment ("MSJ Mem.") (Doc. No. 41–1) at 7. The Clerk is directed to amend the caption of this case to conform with the caption in this Ruling.

The court further notes that all of its citations to pages of the parties' memoranda are to the CM/ECF system's assignment of page numbers rather than counsel's assignments, to the extent that the two paginations differ.

Thomas W. Bucci, Willinger, Willinger & Bucci, P.C., Bridgeport, CT, for Plaintiff.

Irena Jadwiga Urbaniak, Corporation Counsel's Office, New Britain, CT, for Defendant.

## RULING RE: MOTION FOR SUMMARY JUDGMENT
### (Doc. No. 41)

JANET C. HALL, District Judge.

Beverly Brown brings this suit against her former employer, the Board of Education of the City of New Britain ("the Board"), claiming, in a one-count Complaint (Doc. No. 1), that the Board terminated her employment in violation of section 794 of title 29 of the United States Code ("section 504" or "the Rehabilitation Act"). The Board has moved for summary judgment. *See* Motion for Summary Judgment (Doc. No. 41). The Motion is **DENIED.**

## I. FACTS [2]

The Board first employed Brown in fall 2003. Local Rule 56(a)1 Statement of Undisputed Facts ("L.R.56(a)(1) Stmt.") (Doc. No. 41–2) ¶ 1. A collective bargaining agreement between the New Britain Board of Education and the New Britain Federation of Teachers Local 871 ("the CBA") governed Brown's employment. *Id.* ¶ 4.

During the course of her employment, Brown suffered from an injury, which injury was the basis of a worker's compensation claim. Deposition of Beverly Brown ("Brown Depo.") (Doc. No. 46–11) at 45–46; Deposition of Robert Stacy ("Stacy Depo.") (Doc. No. 46–14) at 68. For a significant period of time prior to her termination, Brown was on crutches at work. Brown Depo. at 71. At least once, the principal was in the room while Brown was teaching on crutches. *Id.* at 39. Brown also gave her supervisors specific notice of her limited ability to exert herself physically in certain respects as a result of her being on crutches. *Id.* at 34.

At or around the time of her resignation, Brown was under investigation for failure to adhere to certain standards applicable to her, including inventory and storage of chemicals used in school science laboratories. L.R. 56(a)(1) Stmt. ¶ 14 (not opposed by Brown with respect to the assertion that Brown was under investigation). Brown was, on some number of occasions, absent from work because of doctor's appointments, and she was reprimanded in May 2009 for her absences. Brown Depo. at 44–46.

Hydrochloric acid "appeared" in Brown's classroom at one or more points in May 2009. *Id.* at 39. Within a day or two after one of those appearances, Brown reported the appearance of the acid to the federal Occupational Safety and Health Administration and notified her employer that she had done so. *Id.* at 41–42, 52. Also in May 2009, the Board ordered Brown to have a psychological evaluation done and referred her to the Employee

---

**2.** For the purposes of this Motion for Summary Judgment, the court accepts as true the undisputed facts in the parties' Local Rule 56(a) Statements and views any disputed facts, as well as the entire record, in the light most favorable to Brown, the nonmoving party.

Assistance Program, a program for teachers with psychological issues. *Id.* at 56.

On June 22, 2009, personnel director Bob Stacy threatened Brown with being fired and made clear that such firing would have severe collateral consequences, saying: "We have enough evidence of insubordination to fire you. We have grounds to fire you on any one of [several bases]. And if we fire you, you will lose your teaching licenses and you will never work again. Anywhere." *Id.* at 68; Resignation Letter (Doc. No. 41–3 at 73). Brown submitted her resignation letter the same day. *See* Resignation Letter.

Brown did not utilize the grievance procedures available under the CBA, nor did she pursue resolution of the present claim through any administrative agency before bringing the present suit in federal court. *See* MSJ Mem. at 7.[3]

## II. STANDARD OF REVIEW

Granting a motion for summary judgment is proper only if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *O'Hara v. Nat'l Union Fire Ins. Co.*, 642 F.3d 110, 116 (2d Cir.2011). Thus, the court's role in deciding such a motion "is to determine whether genuine issues of material fact exist for trial, not to make findings of fact." *Id.* In making this determination, the court "must resolve all ambiguities and draw all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir.2013).

The moving party bears the burden of establishing the absence of genuine issues of material fact. *Zalaski v. City of*

Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir.2010). If the moving party meets that burden, the party opposing the motion will only prevail if it sets forth "specific facts" that demonstrate the existence of "a genuine issue for trial." *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir.2009) (quoting Fed.R.Civ.P. 56(e)).

For summary judgment purposes, a genuine issue exists where the evidence is such that a reasonable jury could decide in the non-moving party's favor. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 702 F.3d 685, 693 (2d Cir.2012); *see also Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir.2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)) (stating that the non-moving party must point to more than a mere "scintilla" of evidence in its favor). Mere conclusory statements or allegations are not sufficient to defeat a summary judgment motion. *Davis v. N.Y.*, 316 F.3d 93, 100 (2d Cir. 2002).

## III. DISCUSSION

### A. Threshold issues

#### 1. Exhaustion of administrative remedies

The Board argues that Brown is barred from bringing her claim because she has failed to exhaust administrative remedies. *See* MSJ Mem. at 5–10. No such bar *generally* applies to claims under section 504, the statute under which Brown brings her claim, which bars discrimination (including but not limited to employment discrimination) against individuals with disabilities by, *inter alia*, pro-

---

**3.** The Board presents mere attorney representations, rather than evidence, of Brown's failure to pursue remedies through grievance procedures or administrative agencies, but Brown does not appear to contest these assertions, instead arguing that she was not required to pursue these procedures. *See* MSJ Mem. at 7; Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 47) at 10–14.

grams receiving federal financial assistance.

■ Where a remedy is available to a section 504 plaintiff under another statute, and that other statute requires exhaustion of administrative remedies, courts generally require such plaintiffs to exhaust their administrative remedies before suing in federal court. *See Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 248 (2d Cir.2008) (requiring exhaustion of administrative remedies by section 504 plaintiff where relief was also available under Individuals with Disabilities Education Act); *McGuinness v. U.S. Postal Svc.*, 744 F.2d 1318, 1321 (7th Cir.1984) (employee of federal agency had to exhaust administrative remedies because right of action was available under section 501 of Rehabilitation Act, and section 501 plaintiffs must exhaust their administrative remedies); *see also Bartlett v. Dep't of the Treasury (I.R.S.)*, 749 F.3d 1, 7–8 & n. 27 (1st Cir.2014) (collecting cases indicating that *McGuinness* reflects consensus approach and suggesting the same result in the case at bar, although ultimately not deciding the issue). The Board has not argued that the claims that Brown raises are available under other statutes. The court thus finds that the Board has waived any such argument. *See Francis v. City of N.Y.*, 235 F.3d 763, 768 (2d Cir.2000).

Because the Board has not shown that Brown was required to exhaust administrative remedies before proceeding to federal court, the court will not grant summary judgment to the Board on the basis of Brown's omission to avail herself of any administrative remedies that might have been available to her.

2. Exhaustion of grievance procedures

■ The Board also argues that Brown is barred from bringing her claim because she has failed to exhaust the grievance procedures described in a collective bargaining agreement that applies to her. MSJ Mem. at 7–10. However, an employee is only required to pursue grievance procedures to the extent the collective bargaining agreement actually so requires. *See Vaca v. Sipes*, 386 U.S. 171, 184 n. 9, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The collective bargaining agreement applicable here does contain grievance procedures. *See* Collective Bargaining Agreement Between the New Britain Board of Education and the New Britain Federation of Teachers, Local 871 ("the CBA") (Doc. No. 41–3 at 37), Art. IX. However, no term in the CBA actually requires utilization of grievance procedures for the present claim. The Board's conclusory, citationless assertions that the CBA has a "comprehensive grievance procedure" and that "[c]ategorically, the agreement covered grievances to working conditions" do not show otherwise. MSJ Mem. at 8–9. Nor is there any relevance to its assertion that Brown "was and is very knowledgeable about the grievance procedure." *Id.* at 9. Because, as a matter of law, the terms of the CBA do not require Brown to use the grievance procedures provided therein, granting summary judgment to the defendant on the basis that Brown did not use such procedures would be inappropriate.

B.  *Merits issues*

■ The elements of Brown's section 504 claim as to which the Board asserts that Brown has insufficient evidence are: (1) that she is disabled within the meaning of the statute, *see* MSJ Mem. at 17–20; (2) that she suffered an adverse employment action, *see id.* at 10–16, 20; and (3) that any adverse action occurred because of her disability. *See Petrone v. Hampton Bays Union Free Sch. Dist.*, 568 Fed.Appx. 5, 7 & n. 1 (2d Cir.2014). These contentions are meritless.

### 1. Disability

The Board contends that Brown has not presented sufficient evidence of a disability to raise a genuine issue of material fact for trial. A Rehabilitation Act plaintiff must prove that she "(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment." 29 U.S.C. § 705(20)(B); *see also Weixel v. Bd. of Educ. of the City of N.Y.,* 287 F.3d 138, 147 (2d Cir.2002). Walking is one "major life activity." 45 C.F.R. § 84.3(j)(2)(ii).

■ Brown has proffered sufficient evidence for a jury to conclude that a major life activity of hers was actually substantially impaired, or at least that she was regarded as having such an impairment of a major life activity, because, *inter alia,* she testified at her deposition that she was on crutches at work for a significant period of time, *see, e.g.,* Brown Depo. at 71; that the principal had been in the room while she was teaching on crutches, *id.* at 39; and that she gave specific notice of her limited ability to exert herself physically in certain respects as a result of her being on crutches, *id.* at 34; and she has also proffered evidence that she was suffering from an injury related to which she filed a worker's compensation claim, *see* Stacy Depo. at 68; Brown Depo. at 45–46.

### 2. Adverse action

■ The Board argues that Brown presents evidence of neither a hostile work environment nor of constructive discharge. Brown abandons any argument that she suffered a hostile work environment by failing to respond to the Board's contention to the contrary. *See Jackson v. Fed. Express,* 766 F.3d 189, 198 (2d Cir.2014). As for constructive discharge, summary judgment for the Board is not warranted because Brown presents evidence from which a jury could reasonably conclude that she was constructively discharged, *i.e.,* that her "working conditions [were] so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Lopez v. S.B. Thomas, Inc.,* 831 F.2d 1184, 1188 (2d Cir.1987).

At her deposition, Brown stated that her employer threatened her with being fired, and it was made clear that such firing would have severe collateral consequences: "We have enough evidence of insubordination to fire you. We have grounds to fire you on any one of those instances. And if we fire you, you will lose your teaching licenses and you will never work again. Anywhere." Brown Depo. at 68. In *Lopez,* the Second Circuit concluded that granting summary judgment would be inappropriate because an employee proffered evidence that his employer told him that "he would be fired at the end of the 90–day probationary period no matter what he did to improve his allegedly deficient performance." *Id.* at 1188. The statements that Brown alleges that her employer made here are at least as likely, if not more so, as those in *Lopez,* to compel an employee to resign. Because the evidence in *Lopez* was sufficient for a reasonable jury to conclude that constructive discharge had occurred, the same result obtains here.

### 3. Causation

■ The Board asserts that Brown does not proffer sufficient evidence that she was constructively discharged "because of her disability." MSJ Mem. at 17–20. The court disagrees. The evidence presented as to the Board's possible actual and ostensible reasons for Brown's termination are varied. They include (1) Brown's adherence, or failure to adhere, to certain teaching standards (including failure to maintain

and store chemicals used in school laboratories), L.R. 56(a)(1) Stmt. ¶ 14; (2) absences that Brown incurred in order to attend appointments with physicians, Brown Depo. at 44–46; (3) Brown's reporting the existence of such chemicals to OSHA, *id.* at 41–42, 52; and (4) the Board's concern that Brown had some kind of psychological disorder, *id.* at 56. While the court cannot say that every reasonable jury would be expected to conclude from the evidence proffered by the parties that Brown was terminated because of her disability, it cannot fairly be said that no reasonable jury would so conclude. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 702 F.3d 685, 693 (2d Cir.2012). Some of the foregoing evidence plainly raises the inference that Brown was terminated because of a disability.

## VI. CONCLUSION

The court concluded that Clarke abandoned any hostile work environment claim that she may originally have intended to raise. *See* Part III.B.2 *supra.* Because entering summary judgment for the defendant on any of the other grounds given in support of the Motion for Summary Judgment (Doc. No. 41) would be inappropriate, the Motion is **DENIED.**

The Clerk is directed to amend the case caption. *See* n. 1 *supra.*

**SO ORDERED.**